PER CURIAM.
These appeals from companion cases have been consolidated for all appellate purposes.
On February 14, 1967, the lower court, pursuant to Fla.Stat. § 45.19(1) (1965), F.S.A., entered orders of dismissal for failure to prosecute in both cases. These orders were recorded on February 16, 1967. See Fla.Stat. § 28.29(1) (1965), F.S.A.
On March 14, 1967, Larybar and M. R. L. filed petitions, respectively, for reinstatement pursuant to Fla.Stat. § 45.19(1) (1965), F.S.A. which provides that such petitions may be filed “by any party in interest within one (1) month after such order of dismissal.” The lower court denied the petitions for reinstatement upon the sole ground that they had not been filed within the required month, and entered orders accordingly. The instant appeals are taken from these orders.
The sole question before us is whether the petitions for reinstatement were timely filed. We hold that they were.
Since orders of dismissal must be recorded under Fla.Stat. § 28.29 (1) (1965), F.S.A., the computation of the designated one month period starts to run from the date of recording. See also Rule 1.3, “Rendition,” Florida Appellate Rules, 32 F.S.A.; Smith v. Smith, Fla.App.1967, 194 So.2d 917. Rule 1.090, R.C.P., 30 F.S.A. provides that “In computing any period of time prescribed or allowed * * * by an applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included.”
Therefore, it would appear that Larybar and M. R. L. had one calendar month from February 16, 1967 in which to file their petitions for reinstatement. A petition filed on March 14, 1967 would have been timely under Fla.Stat. § 45.19, F.S.A.
Reversed and remanded.
It 'is so ordered.