OVERTON, Justice.
We have for review the petition of the Florida Bar Rules of Judicial Administration Committee to consider amendments to Florida Rules of Judicial Administration 2.060, 2.075, and 2.090, with respect to the procedures to be used in Florida for the electronic transmission and filing of documents. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The judicial branch, together with the legislative and executive branches, is rapidly moving into the information age. In issuing today’s opinion, we attempt to take the first step toward developing a common ground for accommodating the methods for filing documents and the maintenance of records by those who have the latest in technological equipment and by those who are not yet “online.” In doing so, we acknowledge that the need for compatibility and for “user-friendly” filing processes are essential in implementing major electronic information changes in our governmental operations.
Importantly, the proposed rules at issue in this case constitute a major step in establishing a proper and efficient process for the filing and maintenance of court records in this information age. As the head of the judicial branch, this Court has the exclusive responsibility for determining how records in the court system are filed and maintained. See Times Publishing Co. v. Ake, 660 So.2d 255 (Fla.1995); Johnson v. State, 336 So.2d 93 (Fla.1976). In carrying out that responsibility, we must ensure that the processes for the filing and maintenance of judicial records by electronic means are compatible, accessible, and cost efficient.
The legislature, in this era of new technology, has recognized the need to coordinate, standardize, and provide an easy means for sharing criminal and juvenile justice data. In this regard, it has established a Criminal and Juvenile Justice Information Systems Council (CJJISC), which has been given the responsibility of establishing guidelines to ensure that all electronic records are available for sharing by affected agencies in all branches of government. See § 943.06-08, Fla.Stat. (1995). Further, the legislature has established a Technical Resource Center to ensure that all state government entities have accessibility to electronic information throughout the state. See § 282.20, Fla.Stat. (1995). In 1996, the legislature codified certain guiding principles that were adopted by *700 CJJISC for the management of public safety system information technology resources. See ch. 96-388 § 5, Laws-of Fla. (tentatively codified as § 943.081, Fla.Stat.). We also note that the legislature recently enacted the “Electronic Signature Act of 1996” (tentatively codified as section 282.70-.75, Florida Statutes), which provides, in part:
The head of each agency shall be responsible for adopting and implementing control processes and procedures to ensure adequate integrity, security, confidentiality, and auditability of business transactions conducted using electronic commerce.
Ch. 96-224, § 7, Laws of Fla. Although this Court is not an agency head subject to directive by the legislature in this regard, we agree that any rules we adopt regarding electronic signatures or the electronic maintenance and filing of court records should be consistent with the principles set forth in these legislative enactments. It is the intention of this Court to cooperate with the Secretary of State in implementing any electronic signature processes and procedures in the court system. We must also coordinate our efforts to implement electronic record maintenance and filing procedures with the Department of Revenue, given that such procedures could well have an impact on that Department’s responsibilities of overseeing the collection of child support. In sum, we must cooperate fully with the legislative and executive branches in developing rules to govern the use of this new technology.
Specifically, we find that the implementation of any electronic record filing system must: (1) provide to users in the legal community and the public generally the same or greater access to court records as currently exists in the court system; (2) be compatible with all court entities and with all other governmental entities that require access to court records; and (3) be cost effective not only for the court entities implementing the technology but also for the users of the technology. Care must be taken to ensure that the implementation of new technology will not be more burdensome or costly or provide less information than systems currently being used.
With this background in mind, we turn to the proposed rules at issue. Numerous concerns were raised in 1993, when earlier versions of the . rules at issue were originally proposed. At that time, a number of comments were received regarding the proposals. After review, this Court unanimously agreed to remand the proposed rule amendments to the Committee for further consideration. In May of this year, the Committee filed the instant petition to amend rules 2.060, 2.075, and 2.090 with respect to the electronic transmission and filing of documents. The proposed amendments were properly published and responses have been received. In summary, the Committee proposes to amend the rules as follows.
Proposed rule 2.090 would completely replace existing rule 2.090 and would:
(1) provide a broad definition for electronic transmission of documents in an attempt to address current and future methods of transmission;
(2) make reception of electronic transmission by clerks optional;
(3) provide that reception of a document must be in a medium that allows retention of the document, i.e., must be transformed onto paper or be in a form capable of being reproduced on paper on demand;
(4) provide that no original paper document need be filed as a follow-up to an electronically-filed document unless required by general law (such as a will);
(5) provide that appellate courts will not be required to accept electronically filed documents or electronic records from lower courts until they are able to do so;
(6) provide that documents may be accepted without original signatures given that the documents will be received via electronic transmission;
(7) provide that clerks may transform previously filed paper documents into electronic records;
(8) provide, consistent with section 28.30, Florida Statutes (1995), that any electronically recorded document is to be treated as an original and may be certified as such;
*701 (9) provide that any individual who sends a document to a court electronically must retain the original document until the litigation is concluded to enable verification of such things as original signatures should the need arise;
(10) authorize courts to send as well as receive documents electronically;
(11) provide that any difficulties encountered in the transmission of documents are the responsibility of the sender;
(12) set hours for receiving documents electronically;
(13) provide that clerks opting to accept documents electronically need not accept any document over ten pages in length via electronic transmission;
(14) prohibit charging a fee for receipt of electronically submitted documents given that no law authorizes such a fee; and
(15) provide that the date of receipt of an electronically filed document is the date when the last page of the document is received.
In addition to these changes, new rule 2.090 provides that “any court or clerk” may accept, transform, file, or store electronic documents, and may extend the hours of access or increase the page limitations set forth in the rule.
Proposed changes to rules 2.075 and 2.060 would be implemented to provide consistency with the above listed changes. Specifically, the proposal alters rule 2.075 to provide that “permanently recorded” documents include other methods of electronic record retention besides microfilm. Rule 2.060 would be amended to provide that signatures may be either original or electronic reproductions of the original signature.
The Committee asks that we implement these proposed rule changes immediately because a number of clerks are ready to institute new filing and retention systems under the Committee’s proposals.
We have received numerous comments regarding the proposed rule changes. Most comments are from various clerks’ offices in Florida who generally favor the proposals. Many, however, are concerned about various specific provisions in the proposed rules. We note that the proposed rules are intended to address all types of electronically transmitted documents from documents filed by facsimile transmissions to documents filed by electronic mail (e-mail). Many clerks’ offices have been accepting documents via facsimile transmission for some time. While some problems are posed by the acceptance of documents by facsimile transmission, it is the acceptance of documents via e-mail transmission that raises the most difficult issues.
First, we address issues regarding the type of equipment and software that is to be used by each court in processing electronic documents. Today, many different software programs are available for the purpose of allowing the electronic filing of documents. A number of these software programs implement the use of “digital” signatures. In essence, a digital signature is merely a type of code, which is the result of an asymmetric encryption system, that allows the receiver to authentically verify the identity of the sender (signor). As written, the proposed rules do not address digital signatures; they merely provide that the sender is to retain an original document for verification purposes should the need arise. As the comments reflect, however, the retention of original documents may be unworkable. For instance, if a document is truly “electronic,” no original hard copy of the document may exist. Further, court clerks are the constitutional officers responsible for the retention of records. Requiring the sender to retain records eliminates that responsibility and would create unnecessary litigation when disputes regarding the original documents arise.
Additionally, as set forth in the guidelines above, systems among the counties and the courts must be compatible. Otherwise, if a county such as Dade County uses one system and Broward uses another, an attorney wishing to file documents electronically in both might have to purchase two separate software programs to accomplish this task. This same type of problem would exist if a trial court sending electronic documents to an appellate court was operating on a system incompatible with the appellate court’s system. Moreover, one of our primary concerns in *702 approving the concept of electronic filing of documents is to ensure that the programs implemented are readily accessible by the public at as low a cost as possible.
Consistent with stated policy principles, we find it necessary to establish a process under which this Court will expressly approve compatibility in procedures, equipment, and software programs that are used to implement electronic filing systems, rather than simply providing for broad approval of electronic filing generally.[1] This does not mean that courts cannot continue to receive documents via facsimile as they have done in the past; it simply requires that courts wishing to accept documents via e-mail, to maintain original court records only by electronic means, or to accept digital signatures must first obtain approval of this Court regarding the software to be used and the specific procedures to be followed.
To facilitate the approval process, we find it appropriate to use the Court Technology Users’ Committee (Technology Committee) already established. It is our intent to have the Technology Committee as a whole set forth additional guidelines as necessary, consistent with the principles set forth in this opinion, for the development of electronic filing plans generally. Additionally, a special five-person subcommittee of the Technology Committee will review the proposed plans from each county or circuit and make specific recommendations regarding approval of the plans to this Court.[2] The proposed rules, as written, provide that the court or clerk can implement the processing of electronic documents. Because all plans will have to be specifically approved by this Court, we have modified the rules to reflect that a court or clerk can implement the processing of electronic documents after the clerk obtains approval to do so from this Court. To expedite the review of proposals, the subcommittee will be directed to review proposals submitted in an expeditious manner and make a recommendation to this Court regarding approval no later than sixty days from the date the subcommittee receives the proposal.
We also recognize that the chief judges of the circuits should have substantial input into any plan that is presented to this Court for approval given that it is the judges who view, use, and interpret the records maintained by the clerks and that any method of record retention for electronically filed documents will greatly impact judges’ use of court records. Consequently, we have modified the rules to reflect that the chief judge of a circuit is to be involved in the development of any electronic filing and retention proposal. We will also specify in the administrative order appointing the subcommittee that the chief judge of a circuit shall have input to the subcommittee regarding the recommended approval of any plan considered by the subcommittee.
Next, we review the proposed amendment to rule 2.090, which provides that no original paper document need be filed as a follow-up to an electronically filed document unless required by general law (such as a will). When a document is transmitted by facsimile, a hard copy document is being submitted to the court; whereas an electronic document filed via e-mail provides the court with no such hard copy. Obviously, the latter moves the court system one step closer to the possible future implementation of “paperless courts” and is strongly favored by many. Unfortunately, a number of problems are created by retaining records purely in electronic form without making a hard copy. Under those circumstances, a judge must be willing to view documents on the computer screen rather than in hard copy; otherwise a hard copy must be made by the clerk after submission of the electronic document. Additionally, many individuals who may not have access to electronic filing equipment will still file their documents in hard copy. Unless the clerk scans into the computer all documents filed in hard copy and makes a hard copy of all documents filed electronically, part of a file could be in hard copy and *703 part could be located solely on computer. Another problem in this regard is the preparation of records on appeal. Until all appellate courts are ready to accept documents electronically, records on appeal -will have to be filed in hard copy. This would mean that the circuit court clerk’s office would have to make hard copies of the electronic documents before sending them to the appellate court. In sum, both the clerks and the courts will have to agree on a suitable method for dealing with these problems before instituting any system that does not require that a hard copy follow the electronic filing of a document. Consequently, we find that we must require hard copies to follow the electronic filing of documents until these problems are resolved. It is our belief that this process provides a good first step in this area because it allows the electronic filing of time-sensitive documents such as notices of appeal while ensuring that a hard copy is available soon thereafter for use by the court. We find, however, that the Technology Committee should examine possible solutions to this problem for future implementation.
Our determination that hard copies must be filed as backup to all electronically filed documents eliminates several other proposed changes. For example, concerns regarding retention of documents containing original signatures or that electronically recorded documents are to be treated as originals are essentially rendered moot given that a hard copy eventually will be filed in all cases regardless of the form in which the document was originally filed. We have eliminated these provisions in the rules where necessary.
In conclusion, we emphasize that we do not want to discourage innovation in this area, and we want to encourage the use of technology and the reduction of paper in the judiciary. At the same time, we must ensure that major changes in the filing and maintenance of court records will be beneficial to the public and the courts as a whole and will adhere to the principles set forth herein.
Accordingly, we adopt the proposed rules as amended in the attached appendix to this opinion. These rule changes shall take effect January 1, 1997. Because of the changes to the rules made by this Court, we direct that the rules be readvertised in The Florida Bar News, and we direct that all interested parties submit comments regarding the rules on or before October 31, 1996, which comments will be considered by this Court before the effective date of the rules.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 2.060. ATTORNEYS
(a) Local Attorneys. All persons in good standing as members of The Florida Bar shall be permitted to practice in Florida.
(b) Foreign Attorneys. Attorneys of other states shall not engage in a general practice in Florida unless they are members of The Florida Bar in good standing. Upon verified motion filed with a court showing that an attorney is an active member in good standing of the bar of another state, attorneys of other states may be permitted to appear in particular cases in a Florida court. A motion for permission to appear shall be submitted with or before the attorney’s initial personal appearance, paper, motion, or pleading. The motion shall state all jurisdictions in which the attorney is an active member in good standing of the bar and shall state the number of cases in which the attorney has filed a motion for permission to appear in Florida in the preceding 3 years.
(c) Clerks and Secretaries Not to Practice. No one serving as a research aide or secretary to a justice or judge of any court shall practice as an attorney in any court or before any agency of government while continuing in that position, nor participate in any manner in any proceeding that was docketed in the court during the term of service or prior thereto.
(d) Pleadings to Be Signed. Every pleading and other paper of a party represented by an attorney shall be signed by at least 1 attorney of record in that attorney’s individual name whose address, telephone number, including area code, and Florida Bar *704 number shall be stated, and who shall be duly licensed to practice law in Florida or who shall have received permission to appear in the particular case as provided in subdivision (b). The attorney may be required by the court to give the address of, and to vouch for the attorney’s authority to represent, the party. Except when otherwise specifically provided by an applicable rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by the attorney that the attorney has read the pleading or other paper; that to the best of the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or other paper had not been served.
(e) Party Not Represented by Attorney to Sign. A party whb is not represented by an attorney shall sign any pleading or other paper and state the party’s address and telephone number, including area code.
(f) Form of Signature of Attorney or Party.
(1) The signatures required on pleadings and papers by subdivisions (d) and (e) of this rule may be: _
(A) original signatures;
(B) original signatures that have been reproduced by electronic means, such as on electronically transmitted documents or photocopied documents; or
(C) any other signature format authorized by general law, so long as the clerk where the proceeding is pending has the capability of receiving and has obtained approval from the Supreme Court of Florida to accept pleadings and papers with that signature format.
(2) An attorney or party who files a document that does not contain the original signature of that attorney or party represents that the original physically-signed document will be transmitted to the clerk within ten days from the date the document is electronically transmitted.
(fg) Attorney Not to Be Surety. No attorneys or other officers of court shall enter themselves or be taken as bail or surety in any proceeding in court.
(gh) Stipulations. No private agreement or consent between parties or their attorneys concerning the practice or procedure in an action shall be of any force unless the evidence of it is in writing, subscribed by the party or the party’s attorney against whom it is alleged. Parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings, and agreements made at depositions that are incorporated in the transcript need not be signed when signing of the deposition is waived. This rule shall not apply to settlements or other substantive agreements.
(hi) Substitution of Attorneys. Attorneys for a party may be substituted at any time by order of court. No substitute attorney shall be permitted to appear in the absence of an order. The court may condition substitution upon payment of or security for ■ the substituted attorney’s fee and expenses, or upon such other terms as may be just. The client shall be notified in advance of the proposed substitution and shall consent in writing to the substitution. The written consent shall be filed with the court.
(ij) Withdrawal of Attorney. An attorney shall not be permitted to withdraw from an action unless the withdrawal is approved by the court. The attorney shall file a motion for that purpose stating the reasons for withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties. The motion shall be set for hearing and notice of hearing shall be served on the client and adverse parties.
(jk) Addition of Attorneys. After a proceeding has been filed in a court, additional attorneys may appear without securing permission of the court. All additional attorneys so appearing shall file a notice of appearance with the court and shall serve a copy of the notice of appearance on all parties in the proceeding.
*705 (kl) Law Student Participation. Eligible law students shall be permitted to participate as provided under the conditions of chapter 11 of the Rules Regulating The Florida Bar as amended from time to time.
(1m) Attorney as Agent of Client. In all matters concerning the prosecution or defense of any proceeding in the court, the attorney of record shall be the agent of the client, and any notice by or to the attorney or act by the attorney in the proceeding shall be accepted as the act of or notice to the client.
RULE 2.075. RETENTION OF COURT RECORDS
(a) Definitions. The following definitions apply to this rule:
(1) “Court records” mean the contents of the court file, depositions filed with the clerk, transcripts, exhibits in the custody of the clerk, and electronic, video, and stenographic tapes of depositions or other proceedings.
(2) “After a judgment has become final” means:
(A) when a final order, final judgment, final docket entry, final dismissal, or nolle prosequi has been entered as to all parties, no appeal has been taken, and the time for appeal has expired; or
(B) when a final order, final judgment, or final docket entry has been entered, an appeal has been taken, the appeal has been disposed of, and the time for any further appellate proceedings has expired.
(3) “Permanently recorded” means that a document has been microfilmed, optically imaged, or recorded onto an electronic record keeping system in accordance with standards adopted by the Division of Library and Information Services of the Department of State.
(b) Required Consent. Disposal of court records under this rule is subject to obtaining any consent required by law from the Division of Archives, History and Records ManagementLibrary and Information Services of the Department of State.
(c) Mierofilmedpermanently Recorded Records. Court records, except exhibits, that have been mierofilmedpermanently recorded in accordance with standards adopted by the Division of Archives, — History and Records ManagementLibrary and Information Services of the Department of State, may be destroyed or otherwise disposed of by the clerk at any time after a judgment has become final.
(d) Records Not MicrofilmedPermanently Recorded. No court records under this subdivision shall be destroyed or disposed of until the final order, final docket entry, or final judgment is mierofilmedpermanently recorded for, or recorded in, the public records. The time periods shall not apply to any action in which the court orders the court records to be kept until the court orders otherwise. When an order is entered to that effect, the progress docket and the court file shall be marked by the clerk with a legend showing that the court records are not to be destroyed or disposed of without a further order of court. Any person may apply for an order suspending or prohibiting destruction or disposition of court records in any proceeding. Court records, except exhibits, that are not mierofilmedpermanently recorded may be destroyed or disposed of by the clerk at the times prescribed below after a judgment has become final:
(1) Sixty days — Parking tickets and noncriminal traffic infractions after required audits have been completed.
(2) Two years — Proceedings under the Small Claims Rules, Medical Mediation Proceedings.
(3) Five years — Misdemeanor actions, criminal traffic violations, ordinance violations, civil litigation proceedings in county court other than those under the Small Claims Rules, and civil proceedings in circuit court except marriage dissolutions and adoptions.
(4) Ten years — Probate, guardianship, and mental health proceedings.
(5) Ten years — Felony cases in which no information or indictment was filed or in which all charges were dismissed, or in which the state announced a nolle prosequi, or in which the defendant was adjudicated not guilty.
(6) Seventy-five years — Juvenile proceedings containing an order permanently depriv *706 ing a parent of custody of a child, and adoptions, and all felony cases not previously destroyed.
(7) Kept permanently — Progress dockets and their indices.
(8) Juvenile proceedings not otherwise provided for in this subdivision shall be kept for 5 years after the last entry or until the child reaches the age of majority, whichever is later.
(9) Marriage dissolutions — Ten years from the last record activity. The court may authorize destruction of court records not involving alimony, support, or custody of children 5 years from the last record activity.
(e) Court Reporters’ Notes. Court reporters or persons acting as court reporters for judicial or discovery proceedings shall retain the original notes or electronic records of the proceedings or depositions until the times specified below:
(1) Two years from the date of preparing the transcript — Judicial proceedings, arbitration hearings, and discovery proceedings when an original transcript has been prepared.
(2) Ten years — Judicial proceedings in felony eases when a transcript has not been prepared.
(8) Five years — All other judicial proceedings, arbitration hearings, and discovery proceedings when a transcript has not been prepared.
When an agreement has been made between the reporter and any other person and the person has paid the reasonable charges for storage and retention of the notes, the notes or records shall be kept for any longer time agreed on. All reporters’ notes shall be retained in a secure place in Florida.
(f) Exhibits.
(1) Exhibits in criminal proceedings shall be disposed of as provided by law.
(2) All other exhibits shall be retained by the clerk until 90 days after a judgment has become final. If an exhibit is not withdrawn pursuant to subdivision (h) within 90 days, the clerk may destroy or dispose of the ex-Mbits after giving the parties or their attorneys of record 80 days’ notice of the clerk’s intention to do so. ExMbits shall be delivered to any party or attorney of record calling for them during the 30-day time period.
(g) Disposition Other Than Destruction. Before destruction or disposition of court records under this rule, any person may apply to the court for an order requiring the clerk to deliver the court records that are to be destroyed or disposed of to the applicant. All parties and the Division of Archives, History and Records Management,Library and Information Services of the Department of State shall be given notice of the application by the applicant. The court shall dispose of that court record as appropriate.
(h) Release of Court Records. This rule does not limit the power of the court to release exhibits or other parts of court records that are the property of the person or party placing the items in the court records initially. The court may require copies to be substituted as a condition to releasing the court records under this subdivision.
(i) Right to Expunge Records. Nothing in this rule shall affect the power of the court to order records expunged.
(j) Sealed Records. No record which has been sealed from public examination by order of court shall be destroyed without hearing after such notice as the court shall require.
RULE 2.090. ELECTRONIC FILING OF MATTERS IN ALL PROCEEDINGS WITHIN THE STATE COURTS SYSTEM
Any document may be filed with any court by an electronic- copying device. — The place of filing shall be deemed to- be the place where the transmission is received. The document made-at the-receiving station shall-be deemed the original filing and shall be-so-marked. — The receiving party shall sign the document-as-having-been-received and filed by-that-party. — The-original document shall thereafter be transmitted to the appropriate court,- The sending-party, if an official of the Florida state - courts system-, - shall collect from the party wishing to file electronically $2 for the first page-of any transmission and *707 $1 for each page'-thereafter) plus any long distance telephone charges. — The money shall be-posted to the Justice Administrative Commission or to the agency specified by law on a monthly basis-to-help defray the cost of renting — or—purchasing—the—transmission equipment. Any official of the Florida state courts-system who-believes there is justificar tion in that officiafe-office for use of transmitting equipment ' shall submit a letter of justification through-the clerk and the chief judge-of-the appropriate court -with which that-offieial is -primarily dealing to the supreme court. — The supreme court shall-approve or-disapprove-the use. — Upon designation by the appropriate clerk of court -and approval of the supreme court) the- official may accept documents for electronic-transmission and filing. — This rule is not intended to preclude the transmission by privately leased electronic-devices to approved offices;
(a) Definition. “Electronic transmission of documents” means the transmission by electronic signals, to or from a court or clerk of the court, of information which when received can be transformed and stored or reproduced on paper, microfilm, magnetic storage device, optical imaging system, or other electronic record keeping system authorized by the Supreme Court of Florida in a format sufficient to communicate the information on the original document in a readable format.
(b) Application. Any court or clerk of the court may accept the electronic transmission of documents for filing after the clerk, together with input from the chief judge of the circuit, has obtained approval of the procedures and program for doing so from the Supreme Court of Florida.
(c) Documents Affected. All documents that are court records (as that term is defined in rule 2.075(a)(1)) and which are allowed to be filed with a court or clerk of the court may be initially filed by electronic transmission provided the court or clerk has the ability to accept such documents and the clerk, together with input from the chief judge of the circuit, has obtained approval to do so from the Supreme Court of Florida. An original of the electronically filed document must be filed in the court records within 10 days after the document was electronically transmitted.
(d) Service.
(1) Electronic transmission may be used by a court for the service of all orders of whatever nature provided the clerk, together with input from the chief judge of the circuit, has obtained approval from the Supreme Court of Florida of the specific procedures and program to be used in transmitting the orders. All other requirements for the service of such an order shall be met.
(2) Any document electronically transmitted to a court or clerk of the court shall also be served on all parties and interested persons in accordance with the applicable rules of court.
(e) Transmission Difficulties. Any attorney, party, or other person who elects to file any document by electronic transmission shall be responsible for any delay, disruption, interruption of the electronic signals, and readability of the document, and accepts the full risk that the document may not be properly filed with the clerk as a result.
(f) Administration.
(1) Any clerk of the court who, after obtaining Supreme Court of Florida approval, accepts for filing documents that have been electronically transmitted shall:
(A) provide electronic or telephonic access to its equipment during regular business hours; and
(B) accept electronic transmission of documents up to 10 pages in length.
(2) All attorneys, parties, or other persons using this rule to file documents are required to make arrangements with the court or clerk of the court for the payment of any charges authorized by general law or the Supreme Court of Florida before filing any document by electronic transmission.
(3) The filing date for an electronically transmitted document shall be the date the last page thereof is received by the court or clerk of the court.
*708 (4) Any court or clerk of the court may extend the hours of access or increase the page limitations set forth in this subdivision.

. Notably, however, even if we secure uniformity in our state courts, we could still be presented with similar problems in dealing with state cases that are removed to federal court.

. By separate order, the Chief Justice will appoint a subcommittee of the Court Technology User’s Committee to review proposals submitted to the Court for approval.