SUAREZ, J.
 

 Daryl Bernard seeks to reverse a final order denying his motion to reopen his suit against Donald Rose. We affirm.
 

 Mr. Bernard initially filed suit against his former attorney, Mr. Rose, on July 29, 2004. On October 28, 2004, defendant filed a motion for extension of time to file a response. This motion was the only record activity until November 16, 2005, when Mr. Bernard filed a “non-military affidavit.” On January 4, 2006, the trial court sua sponte filed a motion that required Bernard to show good cause, in writing, at least five days before the scheduled hearing, as to why the case should not be dismissed for failure to prosecute, pursuant to Florida Rule of Civil Procedure 1.420. The hearing was set for January 27, 2006.
 
 [1]
 
 Although Mr. Bernard claims to have attended this hearing, there is no record that the hearing occurred. Because Mr. Bernard untimely filed his response to show good cause, the case was dismissed on February 27, 2006, “without further order of the court.” Mr. Bernard, however, continued to file amended complaints on this case for the next two years, on the anniversary dates of the order. Then, on February 27, 2009, Bernard filed a motion to reopen the case and noticed the hearing for 9:00 a.m. on March 18, 2009. Mr. Bernard then failed to appear at the hearing. The lower court denied the motion on March 18, 2009, citing Mr.
 
 *948
 
 Bernard’s failure to appear. On March 24, 2010, the trial court held another hearing to consider reopening the case; the court denied the motion because the court did “not have jurisdiction.”
 

 Mr. Bernard argues on appeal that the final judgment dismissing his suit for lack of record activity is void because the dismissal order was signed with a signature stamp, rather than by the judge’s actual pen-and-ink signature. This argument is without merit. According to
 
 Haire v. Florida Department of Agriculture & Consumer Services,
 
 870 So.2d 774, 789 (Fla.2004), the general rule that, “in the absence of a statute or rule prescribing the method of a signature, a signature may be validly affixed by a number of different means,” is applicable here.
 
 [2]
 
 The fact that the judge stamped, but did not personally sign, the order that dismissed the case is of little consequence to the validity of the order in question. Moreover, the dismissal order does not contain the type of defect necessary to render a judgment void pursuant to Rule 1.540(b)(4), Florida Rules of Civil Procedure.
 
 [3]
 

 Because the judgment was not void, the appellant’s only remaining hope might have been to reinstate his claim pursuant to Florida Rule of Civil Procedure 1.420. However, this route fails as well. The Author’s Comment to the rule explicitly notes the requirement that a motion for reinstatement “must be
 
 served
 
 within one month after the order of dismissal.” Fla. R. Civ. P. 1.420, Author’s Comment ¶ 9 (original emphasis);
 
 see also Larybar, Inc. v. City of Miami Beach,
 
 208 So.2d 129, 130 (Fla. 3d DCA 1968). A trial court lacks subject matter jurisdiction over a cause where the motion to reinstate the cause was not filed within one month of the dismissal.
 
 See Wilds v. Permenter,
 
 228 So.2d 408, 409 (Fla. 4th DCA 1969) (holding that when a cause of action is dismissed for lack of prosecution and where a motion to reinstate the cause is not made within one month thereafter, the order of dismissal becomes final and the jurisdiction of the trial court over the subject matter and the cause is finally ended). Because Mr. Bernard filed his
 
 motion to
 
 reinstate more than one month from the date of rendition of the trial court’s order dismissing his case for lack of prosecution, the trial court no longer had subject matter jurisdiction to reinstate the action.
 

 We affirm the trial court’s order denying Mr. Bernard’s motion to reopen the case.
 

 Affirmed.
 

 [1]
 

 . January 27, 2006, fell on a Friday. For Bernard to have timely complied with the order of the court to show good cause, in writing, five days before the hearing, he was required to file his memorandum by Friday, January 20, 2006, pursuant to Florida Rule of Civil Procedure 1.090(a). He filed the memorandum on January 23, 2006, and was not timely.
 

 [2]
 

 . See also, section 668.004, Florida Statutes (2003), the "Electronic Signature Act of 1996,” which specifically provides that "[u]n-less otherwise prohibited by law, an electronic signature may be used to sign a writing and shall have the same force and effect as a written signature.”;
 
 Amends, to the Rules of Judicial Administration
 
 — R.
 
 2.090,
 
 681 So.2d 698, 700 (Fla. 1996) (the Court stating its intention to "cooperate with the Secretary of State in implementing any electronic signature processes and procedures in the court system”).
 

 [3]
 

 . "Examples of defects rendering judgments void are: (1) lack of proper due process notice (e.g., a judgment entered by default for relief exceeding or different from that sought in the complaint); (2) ineffective service resulting in a lack of personal jurisdiction; (3) lack of subject matter jurisdiction; failure to grant a necessary party's motion to intervene; failure of the complaint to state a cause of action; and (4) a judgment entered by agreement of counsel, but without a client’s consent.” 4 Fla. Prac., Civil Procedure R. 1.540, ¶ 540.5(l)(d), (2010-2011 ed.) (citations omitted).