FERNANDEZ, J.
Intervenors Jeffrey S. Goddess, Esq., as Guardian Ad Litem for H.E.G. and J.B.G., the minor children, along with their mother, Isla Reckling Goodman (“Carroll”), appeal the trial court’s final order denying the guardian’s and Carroll’s motions for leave to intervene and motions to set aside the Final Judgment of Adult Adoption. For the following reasons, we reverse the trial court’s order denying both the motions to intervene and the motions to set aside the Final Judgment of Adult Adoption. Further, we vacate and set aside the Final Judgment of Adult Adoption.
In 2010, Goodman was involved in a car accident while driving under the influence of alcohol. The twenty-three-year-old driver of the other car, Scott Wilson, died as a result of the crash. At trial, Goodman was convicted of DUI manslaughter with failure to render aid and vehicular homicide. The court sentenced him to sixteen years in prison.
Earlier, in 1991, Goodman and his wife at the time, Carroll, established an irrevocable trust for the benefit of Goodman’s children. Two children were born of the marriage, H.E.G. and J.B.G. The trust agreement provided that all Goodman’s children were to share equally in the corpus of the trust. In 2010, Goodman became involved in litigation in Delaware against his now ex-wife, Carroll, over the management of the trust’s assets.
Civil litigation also ensued between Wilson’s parents, as co-personal representatives of Wilson’s estate, and Goodman in Palm Beach County. Wilson’s parents sought to introduce as evidence Goodman’s access to the trust’s assets, which impacted the value of his assets relative to the Wil-sons’ punitive damages claim.
• While discovery was pending in the Palm Beach County and the Delaware actions, Goodman filed a petition in Miami-Dade County to adopt his girlfriend, Heather Hutchins. Hutchins was forty-two yeaz*s old at the time. Goodman gave no notice of the adoption proceeding to the guardian, his two children, Carroll, or Wilson’s parents when he filed the petition.
*313 The trial court approved the adoption in October 2011. As a result, Hutchins was recognized as another of Goodman’s “children” under the trust, which made her an immediate one-third beneficiary. Goodman and Hutchins also entered into an Adoption Agreement (“Agreement”). The Agreement provided that Hutchins would immediately receive a $5 million testamentary power of appointment, $3 million before the end of 2012, and continued distributions throughout her lifetime, valued at an estimated $8.75 million. The Agreement further provided that Hutchins could request additional annual amounts from the trust, to be determined at the sole discretion of Goodman’s business agent, Andrew Toups. The Agreement contained no limitations or criteria for Hutchins’ additional requests for funds.
In January 2012, after the period to appeal the adoption expired, Goodman finally notified the parties in the Palm Beach County and Delaware actions of the adoption. Thereafter, the guardian and Carroll moved to intervene and set aside the adoption. In addition, Goodman settled the Palm Beach County action.
The trial court heard argument on the motions to intervene and motions to set aside the adoption and denied them. Although the trial court found that the guardian and Carroll were entitled to notice of the adoption, it found that the lack of notice did not equate to fraud that required reversal of the Final Judgment of Adult Adoption. The court did not allow the guardian to intervene because it would allow for endless intervention by the children to contest the judgment. It did not allow Carroll to intervene because she did not gain or lose by the effect of the Agreement.
We review the denial of a motion to set aside a judgment under an abuse of discretion standard. Acosta v. Deutsche Bank Nat’l Trust Co., 88 So.3d 415, 416-17 (Fla. 4th DCA 2012). However, the basis for the trial court’s denial of the motion to set aside, which is the trial court’s statutory interpretation, is reviewed de novo. Borden v. E.-European Ins. Co., 921 So.2d 587, 591 (Fla.2006). In addition, we review the denial of a motion to intervene under an abuse of discretion standard. Barnhill v. In re Fla. Microsoft Anti-Trust Litig., 905 So.2d 195, 199 (Fla. 3d DCA 2005).
The guardian and Carroll first argue that the trial court abused its discretion when it refused to set aside the Final Judgment of Adoption because they were entitled to notice of the adoption proceeding, pursuant to section 63.182, Florida Statutes (2011). Section 63.182(2)(a) states, in pertinent part:
[ejxcept for the specific persons expressly entitled to be given notice of an adoption in accordance with this chapter, the interest that entitles a person to notice of an adoption must be direct, financial, and immediate, and the person must show that he or she will gain or lose by the direct legal operation and effect of the judgment....
The trial court found that section 63.182(2)(a) created a category of persons, beyond those particular persons separately addressed in other sections of the statute, who are entitled to notice of adoption proceedings. The trial court then determined that the minor children fell within this category because Goodman’s adoption of Hutchins as a third child represented a direct threat to the children’s financial interests in the trusts.
We agree with the trial court that the guardian and Carroll were entitled to notice. It is undisputed that neither the guardian nor Carroll received timely notice of the adoption proceeding. Goodman notified them of the adoption proceeding in *314 January 2012, after the period to appeal the Final Judgment of Adult Adoption had expired.[1] The adoption converted Hutch-ins into an immediate beneficiary of the trusts and entitled her to one-third of the corpus of the trusts. It hardly could be said that this conversion did not threaten the financial interests of the minor children, whose interests decreased from one-half to one-third. Thus, we hold that the court correctly decided that the guardian and Carroll were entitled to notice of the adoption proceeding, pursuant to section 63.182(2)(a).
The guardian and Carroll correctly pointed out that this lack of notice violated the minor children’s due process rights. We reiterate that Hutchins’ adoption directly, immediately, and financially impacted the children. Goodman’s concealment of the adoption proceeding deprived the children of an opportunity to address the trial court and present their objections. See In re Adoption of a Minor Child, 593 So.2d 185, 189 (Fla.1991) (stating that “[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections”)(quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Consequently, even though the trial court correctly ruled that the guardian and Carroll had the right to be notified of the adoption proceeding, it erred when it refused to set aside the Final Judgment of Adult Adoption on due process grounds.
Furthermore, we determine that the judgment entered in the adoption proceeding is void. This Court previously has stated that “[a] violation of the due process guarantee of notice and an opportunity to be heard renders the judgment void.” Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662, 666 (Fla. 3d DCA 2007); Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988) (relief from void judgment may be granted at any time). This Court also has ruled that the failure to give due process notice and the failure to grant a necessary party’s motion to intervene are defects that can render a judgment void. Bernard v. Rose, 68 So.3d 946, 948 n. 3 (Fla. 3d DCA 2011).
The' trial court further erred when it denied Carroll’s motion to intervene because she did not stand to “gain or lose by the effect of the adoption judgment.” Carroll brought the motion to intervene in her representative capacity on behalf of her minor children, to assert and protect her children’s legal rights. In Florida, parents are the natural guardians of their minor children and, upon divorce, if the parents are given joint custody, they continue as the natural guardians. See § 744.301(1), Fla. Stat. (2010). See also Doe v. Watson, 507 So.2d 1164, 1165 (Fla. 5th DCA 1987) (stating that a parent’s right to act as the natural guardian remains intact even where a guardian ad litem has been appointed). Carroll had standing in her capacity as “next friend” to file the suit on behalf of her minor children. See Parrish v. Price, 71 So.3d 132, 133 (Fla. 2d DCA 2011).
We therefore set aside the Final Judgment of Adult Adoption because Goodman’s deliberate failure to provide *315 notice of the adoption to the guardian and Carroll constituted a fraud on the court. In Florida, a decree of adoption may be set aside based on fraud in the proceedings. See Fla. R. Civ. P. 1.540(b)(3); M.L.B. v. Dep’t of Health & Rehab. Servs., 559 So.2d 87, 88 (Fla. 3d DCA 1990); Whitman v. Whitman, 532 So.2d 82, 83 (Fla. 3d DCA 1988). As this Court stated in Whitman, “[ejxtrinsic fraud has been defined as the ‘prevention of an unsuccessful party [from] presenting his case, by fraud or deception practices by his adversary; keeping the opponent away from court.’ ” Id. at 83 (citations omitted). Goodman committed extrinsic fraud on the court when he failed to give notice of the adoption to the appellants until after the appeals period had expired. See Rickard v. McKesson, 774 So.2d 838, 839 (Fla. 4th DCA 2000) (holding that contingent beneficiary to a trust had standing to challenge the adoption had she known about and was not precluded from collaterally attacking the adoption).
The trial court thus erred when it denied the motions for intervention and motions to vacate the Final Judgment of Adult Adoption. Therefore, the case is remanded with instructions to vacate and set aside the Final Judgment of Adult Adoption, and allow the guardian and Carroll to intervene in any subsequent proceedings.
Reversed and remanded with instructions.

. This lack of notice can only be viewed as none other than an act of concealment, an act which Goodman purposefully instituted to suppress circumstances he knew fully well ought to have been made known to the guardian and Carroll. As we shall discuss further, Goodman committed fraud on the court in doing so.