# Third District Court of Appeal

## State of Florida

Opinion filed December 2, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1961
Lower Tribunal No. 17-7669
_____

**Jack Kachkar,**
Appellant,

vs.

**U.S. Bank National Association, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Jack Kachkar, in proper person.

No appearance, for appellee.

Before FERNANDEZ, HENDON and GORDO, JJ.

PER CURIAM.

Jack Kachkar appeals the trial court's order granting U.S. Bank National

Association's Motion to Reschedule Foreclosure Sale, arguing that the trial court

violated his due process rights by failing to hold a hearing on his motion to intervene, as requested, prior to re-setting the sale date. We agree, reverse and remand.

Viktoria Benkovitch, Mr. Kachkar's spouse, executed a promissory note in 2005. Both Ms. Benkovitch and Mr. Kachkar executed the corresponding mortgage. After they defaulted on the loan, the Bank filed a foreclosure action against several parties, including Mr. Kachkar. While the foreclosure case was pending, Mr. Kachkar was convicted of crimes in federal court (unrelated to the underlying case) and began serving his sentence.

Eventually, the trial court entered a consent final judgment of foreclosure against all defendants. The Bank later sought to vacate the consent judgment as to Mr. Kachkar because he had not consented to the judgment, and, thus, its entry was in error as to him. Once the judgment was vacated as to Mr. Kachkar, the Bank voluntarily dismissed him as a party and filed its motion to reschedule the sale.

The Bank's motion was set for hearing on September 26, 2019. On September 25, 2019, Mr. Kachkar filed an emergency motion to intervene, pursuant to Florida Rule of Civil Procedure 1.230. Contemporaneously, he mailed a letter to the trial judge, advising her of the motion's filing and requesting that an evidentiary hearing on the motion be held prior to the rescheduling of the foreclosure sale. He also requested permission to appear telephonically at the hearing, rather than in person,

because he was incarcerated. He filed the letter with the trial court clerk and served a copy on the Bank.

Mr. Kachkar's motion to intervene argued he had rights to the subject property as a signatory to the mortgage. The trial court never addressed his motion to intervene or the request for a telephonic hearing and re-set the sale.[1]

Due process requires that a person be afforded the opportunity to be heard. See, e.g., Reed v. Reed, 816 So. 2d 1246, 1247 (Fla. 5th DCA 2002) ("Due process requires that [the movant] be given [an] opportunity to be heard on his request and that his motion should not be summarily disposed of . . . ."). "This Court also has ruled that the failure to give due process notice and the failure to grant a necessary party's motion to intervene are defects that can render a judgment void." Goodman v. Goodman, 126 So. 3d 310, 314 (Fla. 3d DCA 2013) (citing Bernard v. Rose, 68 So. 3d 946, 948 n.3 (Fla. 3d DCA 2011)). Despite his request to the trial court for a hearing, Mr. Kachkar was not afforded an opportunity to be heard on his motion to intervene, and, as such, his right to procedural due process was violated. See, e.g., Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth., 795 So. 2d 940, 948 (Fla. 2001).

---

[1] The sale of the property proceeded on the re-set date, November 6, 2019, and the Bank was the highest bidder. A certificate of title has not yet issued because Ms. Benkovitch filed an objection to the sale, which has not been heard as of filing date of this opinion.

Reversed and remanded.