RYDER, Judge.
D.J. seeks review of the Department of Health and Rehabilitative Services’ final order denying her request to have her name expunged from the child abuse registry. We reverse.
On September 22, 1989, HRS investigated a report of child abuse involving appellant’s four-year-old son. The HRS investigator observed a scratch on the child’s face and a scratch on his neck. The investigator also observed a bruise on the child’s neck. D.J. told the investigator that she had slapped the child on the face for throwing objects at her and not minding her two days prior to the investigation. Appellant said that she did not scratch her son, nor did she grab him by the neck.
The hearing officer’s conclusions of law that appellant abused her child are not supported by any findings of fact. The hearing officer did not specify that he found the marks observed on the child to constitute “temporary disfigurement.” § 415.503(14), Fla.Stat. (1989). The hearing officer did not specify any finding of “excessive corporal punishment.” § 415.503(9)(a)(l), Fla.Stat. (1989). The hearing officer’s conclusions of law, adopted by HRS, rely on the case of B.L. and R.W.H. v. Department of Health and Rehabilitative Services, 545 So.2d 289 (Fla. 1st DCA), review denied, 553 So.2d 1164 (Fla.1989) and the expiration of time. The statement by the hearing officer that the evidence in the record creates a “rebuttable presumption of abuse.... ” is inconsistent with our decision in B.R. and W.C. v. Department of Health and Rehabilitative Services, 558 So.2d 1027 (Fla. 2d DCA 1989), in which we disagreed with the majority opinion in B.L.
We held in B.R., that whether corporal punishment is excessive, must be proved in each ease by competent, substantial evidence without resort to arbitrary presumptions fixed by the passage of time. B.R., 558 So.2d at 1029. The hearing officer set forth a conclusion of law, which was adopted by HRS in its final order, that HRS had met its burden of proof by showing that appellant had struck her child on the face “in a manner that caused red marks and a bruise to appear and last for at least 2 days.” The reliance by HRS on the passage of time, without more, constitutes reversible error. See B.R.
Accordingly, we reverse the final order appealed and remand the case with di *864 rections to HRS to expunge appellant’s name from the child abuse registry.
Reversed and remanded.
SCHOONOVER, C.J., and LEHAN, J., concur.