640 So.2d 1126 (1994)
R.S.M., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 93-01729.
District Court of Appeal of Florida, Second District.
April 6, 1994.
Roberta Fulton Fox of Gold and Fox, P.A., Lakeland, for appellant.
Susan M. Shanahan, Dist. VI Legal Counsel of the Dept. of Health and Rehabilitative Services, Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
In this appeal, R.S.M. challenges the Department of Health and Rehabilitative Services (HRS) order that denied his request to expunge his name from the Central Child Abuse Registry. He argues that HRS failed to present competent, substantial evidence that R.S.M. inflicted excessive corporal punishment or temporary disfigurement. Following a careful review of the record, we conclude that R.S.M. is correct and reverse.
R.S.M. was entered into the Central Child Abuse Registry as a confirmed child abuser following an HRS investigation into the circumstances surrounding a call to the HRS hotline made by R.S.M.'s 14-year-old son. The son had called the hotline and reported that his father had abused him when he learned that the son had been suspended from school for not dressing for P.E. The son reported that R.S.M. had struck him with his fist and with a belt and had thrown him against the wall, causing bruises. He also reported that R.S.M. had verbally abused him.
Although the hearing officer's findings comported in most respects with the son's report, the final HRS order granted a number of R.S.M.'s exceptions, with the result that the only evidence remaining to support the finding of excessive corporal punishment was the presence of bruising, R.S.M.'s testimony that he used corporal punishment and the son's testimony that the bruising was the result of the corporal punishment.
We observe first that the so-called 24-hour rule (any bruises lasting over 24 hours creates a presumption of abuse) has been specifically disapproved by this court. B.R. v. Dept. of HRS, 558 So.2d 1027 (Fla. 2d DCA 1989). We held there that the existence of excessive corporal punishment must be proved in each case by competent, substantial evidence "without resort to arbitrary presumptions fixed by the passage of time." Id. at 1029. See also D.J. v. Dept. of HRS, 565 So.2d 863 (Fla. 2d DCA 1990). In any event, the evidence here is, at the least, equivocal as to whether the bruises lasted as long as 24 hours.
*1127 We conclude that under the facts present here, the mere presence of bruises resulting from corporal punishment is not competent, substantial evidence of the excessive corporal punishment or temporary disfigurement that the legislature envisioned in passing chapter 415. We find of particular importance the fact that: (1) There was evidence that the son called HRS in an attempt to be allowed to go live with his mother in another state; (2) HRS allowed the son to remain in the home and go on a family outing the next day; (3) at the hearing, the son recanted his earlier report that the corporal punishment had been abuse; and (4) the son, having gone to live with his mother following this incident, then returned to R.S.M.'s home and continued living there.
Having found that these facts do not support a finding of the type of excessive corporal punishment or temporary disfigurement that the statute was designed to address, we reverse the final HRS order with instructions to expunge R.S.M.'s name from the Central Child Abuse Registry.
HALL and QUINCE, JJ., concur.