899 So.2d 1254 (2005)
J.L., the father, Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES, Appellee.
No. 4D04-3479.
District Court of Appeal of Florida, Fourth District.
April 20, 2005.
Gary L. Pickett, West Palm Beach, for appellant.
Jeffrey Dana Gillen, West Palm Beach, for appellee.
STONE, J.
J.L. (Father) appeals an order declaring his five-year-old son dependent. He claims that evidence of bruising was insufficient to establish the child had suffered harm and that dependency was not established by a preponderance of the evidence. We affirm.
In response to a telephone call from the grandmother of the child, a DCF investigator, Mr. Resto, and a police officer went to the home where Father lived with his girlfriend and the child. The child had lived with Father for approximately six months when the incidents in question occurred.
The child told Mr. Resto, "my mommy and daddy hit me and I have bruises on me." The child said the incident had occurred that morning and that he had also been hit "a few days ago." The child said that Father and the girlfriend hit him with a belt when he was naked because he broke the "rules." He also said it hurt "really bad" and "hurts now." Mr. Resto checked the child's buttocks and upper thighs and saw numerous marks and bruises.
*1255 Afterwards, Father told Mr. Resto that he had hit the child with the belt five times on Thursday for misbehaving in school, and his girlfriend had hit him an additional three times that same day. Then, on Sunday, Father hit him again. Father acknowledged that the child was naked when the beatings occurred. He added that he had already been to parenting skills class and that "only the beating seems to work, and I will continue to hit him until he behaves and gets it."
The evidence adduced at trial included photographs of the bruises. Mr. Resto summarized what he saw as "an area marked and bruised, also linear marks and excessive bruising and brown reddish marks going all over between the buttocks."
Father claims the court erred because there was no significant mental or emotional harm done to the child and that the evidence of the bruises was not enough to adjudicate dependency because there was not disfigurement, significant bruises, or welts, as required by law. See J.C. v. Dep't of Children and Families, 773 So.2d 1220 (Fla. 4th DCA 2000); R.S.M. v. Dep't of Health and Rehabilitative Servs., 640 So.2d 1126, 1127 (Fla. 2d DCA 1994).
Although corporal discipline, alone, does not constitute abuse, a finding of dependency may be based upon evidence that the child is at a substantial risk of imminent abuse, abandonment, or neglect by the parent or legal custodian. § 39.01(14)(f), Fla. Stat. (2002). "Abuse" means any willful act or threatened act that results in physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired. § 39.01(2), Fla. Stat. (2002).
Both J.C. and R.S.M. resolved that the fact that some bruising may occur following corporal punishment does not, alone, constitute competent and substantial evidence of excessive corporal punishment.
In R.S.M., a fourteen-year-old teenager, who called the child abuse hotline to report physical abuse by his father, stated his father had struck him with his fist and with a belt and had thrown him against the wall, causing bruises. In J.C., a child reported the man who had been her stepfather for over seven years for using a belt against her because she misbehaved in school and did not follow rules in the home. There, finding that the bruising was not sufficient, this court also considered that the stepfather had not been interviewed by the DCF psychologist who testified that it was possible that the child could be harmed again. We concluded that the "possibility" did not rise to the level of injury or harm "likely" to cause the child's physical, mental, or emotional health to be significantly impaired under 39.01(2). J.C., 773 So.2d at 1222.
Here, the trial court correctly recognized that J.C. and R.S.M. were not controlling, as in those cases the children were dressed, were hit once by a parent with a belt, and an investigation was inadequate to support the required finding. In this case, however, the child, undressed, was hit several times. Further, the bruises were not the result of a single episode, but of two different beatings in the same week. These distinctions, alone, would be sufficient to distinguish this case from J.C., even without regard to Father additionally acknowledging his intent to continue this form of punishment.
The circumstances in this case are closer to those in O.S. v. Dep't of Children and Families, 821 So.2d 1145 (Fla. 4th DCA 2002). There, the mother beat her fifteen-year-old daughter with a wooden paddle for skipping school. The child was hit in her buttocks and legs until they became *1256 black and blue, and the bruises were still visible after several weeks. This was not the first beating. In affirming a dependency adjudication, this court found that the child was at a "substantial risk of imminent abuse" and that the beatings were likely to be repeated.
Accordingly, we conclude that the trial judge did not err in adjudicating dependency upon finding that the abuse suffered by the child was excessive and likely of repetition. As to all other issues raised, we also find no reversible error or abuse of discretion.
GUNTHER and STEVENSON, JJ., concur.