960 So.2d 851 (2007)
Tiffany SEFFERNICK, Appellant,
v.
Michael MERIWETHER, o/b/o Ethan MERIWETHER, Appellee.
No. 2D06-4585.
District Court of Appeal of Florida, Second District.
July 6, 2007.
Rehearing Denied August 6, 2007.
Toni A. Butler of Toni A. Butler, P.A., for Appellant.
Lisa P. Kirby of Lisa P. Kirby, P.A., Naples, for Appellee.
DAVIS, Judge.
Tiffany Seffernick appeals the final judgment of injunction for protection against domestic violence entered against her by the trial court. Because the petitioner, Michael Meriwether, failed to present to the trial court sufficient evidence to support the granting of the injunction, we reverse.
Seffernick is the mother of a minor son, who at the time of the incident was fifteen *852 months old. Meriwether petitioned for an injunction for protection against domestic violence on behalf of the minor child, alleging that he is the child's father. At the hearing on the petition, Meriwether testified that he found Seffernick on the floor of their home with her wrist cut from an apparent suicide attempt. Determining that she was not in need of medical assistance, he helped her clean up the blood and put her to bed.
He then took the minor child outside with him while he telephoned family members. Seffernick came out of the house and demanded that she be allowed to hold the child. When Meriwether, who was holding the child, refused to hand him over to Seffernick, she physically tried to take the child from Meriwether by "grabbing at [the child]." Meriwether testified that the danger to the child was enhanced because the parties were standing on concrete during the confrontation. He acknowledged that he pushed Seffernick away and ran to a neighbor's house, where he called for assistance and awaited the arrival of the police. When the police arrived, Seffernick agreed to go with them to the hospital, where she was admitted pursuant to the Baker Act.[1]
Based on this testimony, the trial court entered a final judgment of injunction for protection against domestic violence against Seffernick. By the terms of the nine-month injunction, temporary custody of the child was placed with Meriwether and the parties were ordered to contact the Children's Advocacy Center to arrange visitation for Seffernick.
Although on appeal Seffernick raises issues regarding the trial court's jurisdiction, Meriwether's standing, and the trial court's consideration of the best interests of the child, we need not reach these issues because we conclude that there was insufficient evidence to support issuing the injunction. Florida statutes provide for the issuing of an injunction for protection when a person is either the victim of domestic violence or has reasonable fear to believe he or she is "in imminent danger of becoming the victim of any act of domestic violence." § 741.30(1)(a), Fla. Stat. (2006); see also Young v. Smith, 901 So.2d 372 (Fla. 2d DCA 2005). Section 741.28(2) defines domestic violence as "assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member."
In the instant case, Meriwether filed the petition on the behalf of the minor child. Accordingly, in order to issue the injunction, the trial court had to find that either the child had been the victim of domestic violence or was in "imminent danger of becoming the victim" of such an act at the hands of Seffernick. The only evidence presented below was that Seffernick injured herself and "grabb[ed] at" the child in an attempt to take him away from Meriwether. Such actions do not meet the statutory definition of domestic violence. Additionally, when the petition was filed, Seffernick was in the hospital pursuant to the Baker Act. The hearing on the petition was delayed for approximately six weeks, during which time Seffernick was living apart from Meriwether and the child. There was no evidence presented to support a finding that the child was in "imminent danger" of being victimized by Seffernick. Accordingly, we conclude that the trial court erred in entering the final judgment of injunction.
*853 We note, however, that the trial court was placed in an unenviable position. In light of Seffernick's suicide attempt, the trial court had reason to be concerned about the child living alone with his mother. However, the domestic violence proceeding was not the proper forum to address that concern. Meriwether could have filed a paternity action and sought temporary custody based on Seffernick's conduct.[2] Alternatively, he could have pursued a dependency action privately or through the Department of Children and Family Services.[3] We do commend the trial court for recognizing the need to provide for the care of the child; however, it erred in substituting this proceedingwith all of the resulting consequences of issuing such an injunctionfor an appropriate paternity or dependency proceeding. See Young, 901 So.2d at 373 ("[A] determination that a person had either victimized a [family member] with an act of violence or placed that [family member] in a reasonable fear of imminent danger, is a serious finding of fact that can have many unintended collateral consequences.").
Reversed.
STRINGER, J., and HARRIS, CHARLES M., Associate Senior Judge, Concur.
NOTES
[1] § 394.463, Fla. Stat. (2006).
[2] Although Meriwether alleged in the petition that he is the minor child's father, the testimony at the hearing indicated that both parties acknowledged that a paternity action was needed to adjudicate him to be the father and to address issues such as custody and visitation.
[3] We recognize that until Meriwether is adjudicated to be the father, he is, by law, a stranger to the child. He could have, however, sought assistance from the Department of Children and Family Services to insure that the child was properly cared for, or he might have filed a private petition seeking the court's determination that the child was in need of protection and asking that the child be placed with him until the paternity action could be completed. Furthermore, he had ample opportunity to commence an appropriate proceeding as there was a lengthy delay between the issuance of the temporary injunction and the evidentiary hearing.