983 So.2d 663 (2008)
Timothy MOORE, Appellant,
v.
Margaret J. PATTIN, Appellee.
No. 4D07-4850.
District Court of Appeal of Florida, Fourth District.
May 28, 2008.
Michael A. Etienne, North Miami, for appellant.
No brief filed on behalf of appellee.
WARNER, J.
The father appeals the entry of an injunction for protection against domestic violence, resulting from his repeated spanking of his daughter. He claims that his disciplining of his daughter is constitutionally and statutorily protected. The trial court considered the circumstances and extent of the spanking excessive and thus not protected. We affirm as there was *664 competent substantial evidence to support the ruling.
Pursuant to section 741.30, Florida Statutes (2007), the mother petitioned for an injunction for protection against domestic violence due to an incident involving the parties' ten-year-old daughter, M.M. While the mother was at work, the father beat up the dog, threw pots and pans, ordered M.M. to remove all her clothing, and beat her with a belt and a shoe. M.M. told her mother that her father had engaged in similar behavior several times during the past few months. The mother filed a police report. An officer interviewed the father who said his actions were meant to intimidate his daughter.
The trial court issued a temporary injunction and scheduled a hearing. During the hearing the mother explained that her daughter had been sexually abused by the mother's ex-husband (not appellant). On the night described in the petition, M.M. told the mother that the father had "been making her take her clothes off when [the mother] was at work and spanking her, and she was tired of being hit." The father warned M.M. not to tell anyone because, if she did, he would go to jail. Because of her history of abuse, M.M. did not want to be touched by her father. She felt humiliated by having to take her clothes off. Hearing M.M.'s complaints, the mother immediately contacted the police.
The father's testimony was consistent with the mother's. He explained that he spanked his daughter because she brought home a bad grade. He admitted that he ordered her to take off her clothes and spanked her with a belt and a shoe. He admitted that he had done this several times. The police report did not indicate that any marks were left. The trial court concluded that the father had committed a battery on the child by striking her with the belt and shoe with her clothes removed. The court granted the injunction, and ordered parenting classes for the father and supervised visitation after the completion of the classes. The father appeals.
Pursuant to section 741.30(1)(a), the trial court may grant a permanent injunction sought by a family or household member "who is either the victim of domestic violence as defined in s. 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence. . . ." Section 741.28(2), Florida Statutes, defines domestic violence as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." The legislature intended the judiciary to consider the safety of the victim as paramount in considering domestic violence injunctions. See § 741.2902, Fla. Stat.
While parents have a right to privacy in the rearing of their children, Forbes v. Chapin, 917 So.2d 948, 951 (Fla. 4th DCA 2005), that right is not without its limits. "Long ago, the Florida courts recognized the common law principle, which remains with us to the present day, that parents may administer corporal discipline to their children; provided, however, that the discipline is reasonable." A.A. v. Dep't of Children & Families, 908 So.2d 585, 587 (Fla. 5th DCA 2005). As part of the statutory definition of abuse, the legislature noted, "Corporal discipline of a child by a parent or legal custodian for disciplinary purposes does not in itself constitute abuse when it does not result in harm to the child." § 39.01(2), Fla. Stat. Under the definition of harm, the legislature explained that corporal discipline is "excessively *665 harsh" if it "is likely to result in physical injury, mental injury . . ., or emotional injury." § 39.01(31)(a)4., Fla. Stat. The question is whether the discipline imposed by the father in this case is likely to result in physical, mental, or emotional injury and thus constitute excessively harsh corporal discipline.
The father argues that the facts in this case do not support a finding of excessive corporal punishment. He relies on T.G. v. Department of Children & Families, 927 So.2d 104 (Fla. 1st DCA 2006), and J.C. v. Department of Children & Families, 773 So.2d 1220 (Fla. 4th DCA 2000).
In T.G., a dependency case, the First District concluded a single incident of corporal punishment which caused a bruise that required no medical attention did not constitute evidence of abuse. In J.C., our court held that a father spanking his child with a belt which on one occasion left a mark did not constitute abuse within the meaning of the dependency statutes. We noted that "[h]arm occurs when a child suffers `physical, mental, or emotional injury' as a result of the discipline." 773 So.2d at 1221. There was no evidence of mental or emotional injury. As to physical injury, the court relied on section 39.01(30)(a)4., Florida Statutes (1999), which provided "that corporal discipline may be considered excessive or abusive when it results in a physical injury, including `temporary disfigurement,' or `[s]ignificant bruises or welts.'" Id. Because there was no evidence of disfigurement or significant bruising, the trial court erred in concluding that the corporal discipline was excessive.
We distinguished J.C. in J.L. v. Department of Children & Families, 899 So.2d 1254 (Fla. 4th DCA 2005). In J.L., the father beat the child five times with a belt and, later the same day, the father's girlfriend beat the child three more times. The child was naked during both incidents. The father informed the trial court that the beatings would continue as they were the only effective method of discipline. The trial court adjudicated the child dependent due to the father's abuse. On appeal, the father relied on J.C. in arguing that the corporal punishment was not excessive. We rejected the father's position, noting that in J.C., the child was dressed and was hit once with a belt. The court also distinguished the facts at bar from J.C. by pointing to the father's insistence that he would continue to adhere to this form of punishment.
The father's actions in this case more closely resemble the actions of the father in J.L. than they do the father's actions in J.C. Here, the father beat M.M. on numerous occasions with a belt or a shoe after demanding that the child remove her clothes. He believed his discipline was appropriate and necessary when M.M. lied to him or misbehaved. When coupled with M.M.'s history of sexual abuse and her psychological reaction to unwanted touching, we agree with the trial court that this conduct constitutes domestic violence to M.M. for purposes of the domestic violence injunction. We therefore affirm the injunction.
POLEN and TAYLOR, JJ., concur.