VTLLANTI, Judge.
Daniel David Gill (the Former Husband) appeals the final judgment of injunction against domestic violence entered against him and in favor of Krystal Ann Gill (the Former Wife). Because the evidence presented at the evidentiary hearing failed to show that the Former Wife was either the victim of domestic violence or that she had an objectively reasonable fear that she was in imminent danger of becoming the victim of domestic violence, we reverse the final judgment and vacate the injunction.
The Former Wife filed her petition for injunction for protection against domestic violence in April 2009. In that petition, she alleged that the Former Husband had pushed her during an argument in February 2008. She also alleged that she and the Former Husband engaged in a yelling match outside her house during a custody exchange in April 2009. In the petition, the Former Wife alleged that during the yelling match, the Former Husband “drove his car into me.” The Former Wife did not allege any acts of violence or threatened violence between the parties at any time between February 2008 and April 2009, the parties were currently living separately, and the Former Wife currently had a domestic violence injunction entered against her and in favor of the Former Husband.
In addition to the allegations concerning herself, the Former Wife also alleged in her petition that the Former Husband had beaten and punched the parties’ minor child, B.G., in October 2008, November 2008, and April 2009. However, the Former Wife did not seek an injunction for protection against domestic violence in favor of B.G. Based on the allegations in the petition, the trial court issued a preliminary ex parte injunction against domestic violence and ordered an evidentiary hearing on the Former Wife’s petition.
At the evidentiary hearing, the Former Wife testified that she arrived home from work on April 15, 2009, to find the Former Husband sitting in his car in her driveway waiting for B.G. to come out of the house. Because she could not park in her driveway, the Former Wife drove to a neighbor’s house, parked there, and walked back to the house. While the Former Wife had alleged in her petition that the Former Husband “drove his car at me” when she returned to the house, she did not testify to this act at the evidentiary hearing. Instead, the Former Wife testified only that a yelling match ensued between her and the Former Husband upon her return to the house and that the Former Husband threatened that she would be going to jail for violating the domestic violence injunction against her by approaching his car. The Former Wife also admitted that the Former Husband remained in his car during the entire incident. The Former Husband essentially corroborated the Former Wife’s testimony about what had happened between them during this incident.
The court also heard testimony from B.G. about the allegations of violence against her. B.G. testified that several days before the incident between her parents, the Former Husband had come to pick her up after school and had punched her and slapped her when she was not waiting for him where she was supposed to be. She testified that the Former Husband injured her lip during this altercation and that she had bruises on her arm the next day. The Former Wife offered photos that allegedly showed the injuries to B.G., but everyone at the hearing agreed that the photos were too blurry to be useful.
The Former Husband then indicated that he wanted to call as a witness a friend of his who saw B.G. later on the day of the *774 alleged punching and slapping incident. The Former Husband indicated that this witness would testify that B.G. was fíne that night and had no injuries. The witness was called into the courtroom, but, without articulating any reason, the trial court refused to allow the Former Husband to elicit any testimony from this witness. Ultimately, the trial court granted the permanent injunction without ever considering testimony from the Former Husband’s witness. The Former Husband now appeals the final judgment of injunction, contending that it is not supported by competent, substantial evidence.
Section 741.30(l)(a), Florida Statutes (2009), provides for the issuance of an injunction in favor of any family or household member, as defined in section 741.28(3), who is a victim of domestic violence or who “has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence.” Section 741.28(2) defines “domestic violence” as “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.” When considering whether a petitioner has reasonable cause to fear becoming the victim of imminent domestic violence, “the trial court must consider the current allegations, the parties’ behavior within the relationship, and the history of the relationship as a whole.” Giallanza v. Giallanza, 787 So.2d 162, 164 (Fla. 2d DCA 2001) (citing Gustafson v. Mauck, 743 So.2d 614, 616 (Fla. 1st DCA 1999)); see also § 741.30(6)(b).
Here, the Former Wife’s evidence was legally insufficient to meet the statutory requirements for issuance of an injunction against domestic violence. The Former Wife did not testify that she was the victim of any act of domestic violence. The only allegation of any actual violence is that of the pushing incident in February 2008. However, an isolated incident of domestic violence that occurred years before a petition for injunction is filed will not usually support the issuance of an injunction in the absence of additional current allegations. Compare Jones v. Jones, 32 So.3d 772, 773-74 (Fla. 2d DCA 2010) (finding that a pushing incident that occurred three years before the injunction was filed was not sufficient to support the issuance of an injunction against domestic violence), with Giallanza, 787 So.2d at 163 (finding that allegations of actual violence eight to ten years before the petition was filed were sufficient to support the issuance of the injunction when coupled with allegations that the husband had “recently been very angry and verbally abusive ... due to the parties’ impending divorce”).
Further, the Former Wife did not present sufficient evidence to establish that she had an objectively reasonable basis to believe she was in imminent danger of becoming the victim of any act of domestic violence. The only evidence presented at the hearing was that the Former Wife engaged in a yelling match with the Former Husband through a closed car window in the driveway of her house. She testified that when she found the Former Husband seated inside his car in her driveway, she drove away, parked at a neighbor’s house, and then walked back to the house. She admitted that the Former Husband never got out of his car. Moreover, the only threat the Former Husband allegedly made was that the Former Wife would be going to jail because she had violated the domestic violence injunction already in place against her by approaching the Former Husband’s car. Such generalized *775 threats to engage in unpleasant, but not violent, behavior are not sufficient to support the issuance of a domestic violence injunction. See, e.g., Jones, 32 So.3d at 774 (holding that injunction was improperly issued when there was no evidence of actual violence or threats of violence); Oettmeier v. Oettmeier, 960 So.2d 902, 903, 905 (Fla. 2d DCA 2007) (holding that injunction was not properly issued based on threats to make the petitioner’s life miserable); Kopelovich v. Kopelovich, 793 So.2d 31, 33 (Fla. 2d DCA 2001) (holding that threats to harm the wife in court and destroy her financially were not sufficient to establish an objectively reasonable fear of domestic violence). Accordingly, since the Former Wife failed to prove that she was either the victim of domestic violence or that she had an objectively reasonable basis to believe that she was in imminent danger of becoming the victim of domestic violence, the trial court erred by granting the petition and issuing the permanent injunction.
Further, under the specific facts of this case, the Former Wife’s allegations concerning the Former Husband’s violent acts toward B.G. cannot support the issuance of the injunction. Notably, the Former Wife did not seek an injunction on behalf of B.G. Thus, while the evidence might arguably have been sufficient to support the issuance of an injunction against the Former Husband for the protection of B.G., see Moore v. Pattin, 983 So.2d 663, 664-65 (Fla. 4th DCA 2008) (finding evidence that the father disciplined his daughter by hitting her with a belt and a shoe was sufficient to support the issuance of an injunction for protection against domestic violence in favor of the daughter), such an injunction was neither requested nor issued.
Since no injunction in favor of B.G. was requested, the Former Husband’s alleged violence toward B.G. is relevant only to determining whether his actions gave the Former Wife an objectively reasonable fear that the Former Husband would turn his anger and violent actions toward her. However, the testimony at the hearing concerning the Former Husband’s actions was that he was rough with B.G. because she was misbehaving and not complying with her parents’ instructions concerning where she was to be after school. There was no evidence to support even an inference that the Former Husband’s somewhat misguided means of discipline would be turned on the Former Wife. Under these circumstances, the Former Husband’s actions toward B.G. cannot support the issuance of the injunction in favor of the Former Wife.
Finally, we note that it appears that the trial court entered this injunction out of frustration with the parties’ bickering back and forth in court. Recognizing that the Former Wife already had an injunction against domestic violence in place against her, the court stated, “I’m going to enter Ms. Gill’s injunction, so the two (2) of you stay away from each other.” However, notwithstanding the trial court’s good intentions, the injunction in this case appears to be nothing more than the improper belated issuance of a mutual injunction. See § 741.30(l)(i) (providing that “[t]he court is prohibited from issuing mutual orders of protection” unless each party meets the statutory requirements for issuance of an injunction); see also Martin v. Hickey, 733 So.2d 600 (Fla. 3d DCA 1999) (“While we have some sympathy for the trial judge’s apparent belief that it could do no harm to enter what, in effect, were mutual restraining orders, the one presently under review is not, as required, independently supported by the pertinent evidentiary requirements.”). A mutual injunction cannot issue when the evidence *776 offered at the hearing is legally insufficient to meet the statutory requirements, as was the case here.
In the absence of sufficient evidence to meet the statutory requirements or statutory authority for the issuance of a mutual injunction, the trial court was not permitted to enter a permanent injunction against domestic violence against the Former Husband under these facts. Accordingly, we reverse the judgment and vacate the injunction.
Reversed and remanded with instructions to vacate the injunction.
KHOUZAM and MORRIS, JJ., Concur.