NORTHCUTT, Judge.
 

 Jon Parrish appeals two temporary injunctions against domestic violence entered against him ex parte. The petitions for the injunctions were filed by his former wife, Julie Price, on behalf of the parties’ two adolescent children. We affirm, but we emphasize that this ruling is based solely on the written petitions before the circuit court in the ex parte proceeding. It is not intended to inform that court’s ultimate decision whether to enter permanent injunctions.
 

 The temporary injunctions were entered ex parte in late June 2010, pursuant to Florida’s domestic violence statute, section 741.30, Florida Statutes (2010). At that time, the circuit court noticed a hearing in early July for the parties to present evidence on whether permanent injunctions should be issued. Parrish moved to dissolve the temporary injunctions at the beginning of the hearing, arguing that Price’s petitions contained insufficient allegations and were based on hearsay. The court denied his motion and proceeded with the hearing. Price presented her case and rested, but by then the scheduled hearing time had been consumed. The court extended the temporary injunctions until further order and scheduled another hearing
 
 *133
 
 for two weeks hence in order for Parrish to present his case. Before the date of the scheduled hearing, however, Parrish elected to appeal the nonfinal temporary injunctions pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). Thus, the only issue before us is whether the ex parte temporary injunctions were properly entered to begin with.
 

 Parrish first contends that Price had no standing to seek the injunctions because she did not allege that she was the victim of the alleged violence; she claimed the victims were the parties’ children. Parrish correctly notes that the language of section 741.30 does not specifically provide for a parent to seek an injunction on behalf of a minor child. He contrasts that section with section 784.046, Florida Statutes (2010), which addresses injunctions against repeat violence, sexual violence and dating violence, and which does contain such a provision.
 

 Nevertheless, we conclude that Price was authorized to petition for the injunctions on behalf of the children. Section 741.30 clearly contemplates that children are among those who may invoke the statute’s protection from domestic violence. Section 741.30(l)(e) provides that the statutory injunction “may be sought by family or household members.” The definition of the term “family or household members” includes “persons related by blood or marriage.” § 741.28(3). However, Florida Rule of Civil Procedure 1.210(b), applicable to all civil cases, provides that a minor cannot sue on his or her own behalf. Rather, suit must be instituted by an appointed representative or a “next friend,” such as a parent.
 
 See also Watson ex rel. Watson v. State Farm Mut. Auto. Ins. Co.,
 
 639 So.2d 687 (Fla. 2d DCA 1994). Thus, a child’s only vehicle for seeking protection under the domestic violence statute is through a petition filed by a next friend or representative.
 

 Indeed, several cases from this district involved domestic violence injunctions brought on behalf of children by their parents.
 
 See Gill v. Gill,
 
 50 So.3d 772 (Fla. 2d DCA 2010);
 
 Seffernick v. Meriwether ex rel. Meriwether,
 
 960 So.2d 851 (Fla. 2d DCA 2007);
 
 see also Campbell v. Campbell,
 
 584 So.2d 125 (Fla. 4th DCA 1991) (noting that a child, if an adult, could have sought and obtained a domestic violence injunction as a household member). Although it is likely that the issue Parrish raises was not argued in the cited cases, they necessarily imply that rule 1.210 permits a parent to seek a domestic violence injunction “on behalf of’ or as “next friend” of a minor child. To accept Parrish’s argument would deprive children of the important protection that the statute is meant to give them. Accordingly, we hold that Price had standing to seek domestic violence injunctions on behalf of the parties’ minor children.
 

 Parrish also challenges the court’s denial of his motion to dissolve the temporary injunctions based on the insufficiency of Price’s allegations. Section 741.30(5)(a) permits a court to issue such an injunction if “an immediate and present danger of domestic violence exists.” The temporary injunctions were based solely on Price’s sworn petitions. We conclude that the allegations were sufficient to support the temporary injunctions, but as earlier stated, we offer no opinion on whether permanent injunctions are warranted. The petitions were based almost entirely on hearsay statements the children supposedly made to their mother. As we noted in
 
 Smith v. Crider,
 
 932 So.2d 393, 399 n. 4 (Fla. 2d DCA 2006), “the existence of a true emergency regarding the welfare of children may sometimes require immediate action that will not per
 
 *134
 
 mit the movant to verify each allegation made.” At the renewed hearing on the permanent injunctions, the court may consider taking testimony from one or both of the children in order to assess the accuracy of the allegations and to determine whether Parrish engaged in violence against his children.
 

 And finally, we offer an observation. The appendix Parrish filed with his appeal contains a petition for a domestic violence injunction that he filed against Price, also based on alleged violence toward the children. Parrish’s petition was grounded on matters that allegedly occurred in Price’s home, whereas Price’s injunction petition addressed incidents that happened when the children were visiting Parrish. The circuit court declined to issue a permanent injunction based on Parrish’s petition, and in doing so it noted that “[tjhere’s no good solution” to the parties’ ongoing disputes. The judge believed that other venues, such as family court, might be better equipped to resolve the parties’ issues. If in this case the circuit court ultimately declines to issue permanent injunctions against domestic violence, the parties might be well advised to accept the judge’s suggestion and take any future disputes to the family court, which can address issues of custody and visitation.
 
 Cf. Seffenick,
 
 960 So.2d at 852 (noting that when a circuit court has reason to be concerned about a child living with a parent, a domestic violence proceeding may not be the proper forum to address that concern).
 

 Affirmed.
 

 SILBERMAN and VILLANTI, JJ., Concur.