71 So.3d 164 (2011)
G.C., Appellant,
v.
R.S. (parent) and K.C. (minor), Appellees.
No. 1D11-2710.
District Court of Appeal of Florida, First District.
September 16, 2011.
*165 Susan L. Kelsey, Kelsey Appellate Law Firm, P.A., Tallahassee, for Appellant.
Wendy S. Loquasto of Fox & Loquasto, P.A., and Chris Delmarco of Legal Services of North Florida, Inc., Tallahassee, for Appellees.
PER CURIAM.
G.C., the father of K.C. (minor), appeals a final judgment of injunction for protection against domestic violence. The petition for injunction was filed by R.S., his former wife, on behalf of K.C., after G.C. administered a single spank on K.C.'s buttocks in response to K.C.'s disrespectful behavior. We hold that under established Florida law this single spank constituted reasonable and non-excessive parental corporal discipline and, as a matter of law, was not domestic violence. Accordingly, we reverse the final judgment.
On the evening of February 10, 2011, K.C., age fourteen, was being disagreeable both before dinner and at the dinner table. G.C. described K.C.'s behavior as disrespectful and defiant, while K.C. described her attitude as sarcastic. G.C. usually takes away privileges when disciplining his daughters but, on this evening, when K.C. continued to talk back, he told her to stand up, whereupon he took her arm (K.C. said he yanked her out of the chair) and spanked her once on the buttocks with his hand. K.C. did not notice any marks on her buttocks, although she did have a red mark on her arm. K.C. called her older *166 sister, who then called R.S., and R.S. called the police. The next day, R.S. filed a petition for injunction for protection against domestic violence on behalf of K.C. After a hearing, the trial court entered a final judgment of injunction against domestic violence ruling that the statutory scheme established by the legislature set up a special protection against domestic violence which did not recognize any exception, including parental discipline.
Section 741.30(1)(a), Florida Statutes (2010) permits family or household members to seek an injunction for protection against domestic violence if that person "is either the victim of domestic violence as defined in s. 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence . . ." Section 741.28(2) defines "Domestic violence" as meaning "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." A spouse has standing to seek an injunction against domestic violence against a former spouse on behalf of the parties' children. Parrish v. Price, 71 So.3d 132 (Fla. 2d DCA 2011).
"[T]he common law recognize[s] a parent's right to discipline his or her child in a `reasonable manner.'" Raford v. State, 828 So.2d 1012, 1015, n. 5 (Fla.2002). In both civil and criminal child abuse proceedings, a parent's right to administer reasonable and non-excessive corporal punishment to discipline their children is legislatively recognized. § 39.01(2), Fla. Stat. (2010) ("Corporal discipline of a child by a parent or legal custodian for disciplinary purposes does not in itself constitute abuse when it does not result in harm to the child."); § 984.03(2), Fla. Stat. (2011) (containing a virtually identical exception to the definition of "abuse"). In Raford, the Florida Supreme Court held that the parental privilege to use corporal discipline does not provide absolute immunity to charges of child abuse under section 827.03, however, it may be asserted as an affirmative defense to criminal child abuse charges. 828 So.2d at 1020. The Raford court expressly recognized "a typical spanking" as "reasonable" or "non-excessive corporal punishment." Id.; see also Czapla v. State, 957 So.2d 676, 679-80 (Fla. 1st DCA 2007) (distinguishing permissible form of parental corporal punishment, (i.e. "spanking"), from abuse by a father toward his son when the father punched the child on the head for failing to do yard work, pushed him into an adjoining room and onto the floor and then kicked him in the side while he was on the floor).
Although chapter 741 governing domestic violence injunctions does not expressly incorporate the common law principle "that parents may administer corporal discipline to their children; provided, however, that the discipline is reasonable," A.A. v. Dep't of Children & Families, 908 So.2d 585, 587 (Fla. 5th DCA 2005), neither does it exclude the common law defense. See § 2.01, Fla. Stat. (2010) (common law remains in effect unless expressly abolished by the legislature). In Moore v. Pattin, 983 So.2d 663 (Fla. 4th DCA 2008), the Fourth District Court of Appeal recognized that reasonable parental discipline was available as a defense against a petition for injunction against domestic violence. In Moore, the father disciplined his daughter by hitting her with a belt and shoe after he ordered her to take off her clothes. The Fourth District affirmed the trial court's ruling that the father's actions constituted domestic violence. We agree with the Fourth District that reasonable *167 parental discipline is available as a defense against a petition for injunction against domestic violence. In the case under review, however, looking at the facts most favorable to K.C., we conclude that, as a matter of law, the father's conduct constituted reasonable parental discipline and not domestic violence. We therefore reverse the injunction.
REVERSED.
DAVIS, VAN NORTWICK, and CLARK, JJ., concur.