NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FRANK N. BATTAGLIA,⁣⁣ )
⁣⁣ )
   Appellant,⁣⁣ )
⁣⁣ )
v.⁣⁣ )  Case No. 2D15-3906
⁣⁣ )
CHRISTIE N. THOMPSON,⁣⁣ )
⁣⁣ )
   Appellee.⁣⁣ )
_____ )

Opinion filed November 9, 2016.

Appeal from the Circuit Court for Polk
County; Catherine L. Combee, Judge.

Lazaro G. Blanco of Blanco Law Center,
PA, Kissimmee, for Appellant.

No appearance for Appellee.

BLACK, Judge.

   Frank Battaglia appeals from the final judgment of injunction for protection

against domestic violence entered in favor of Christie Thompson. Because the

evidence presented failed to show that Ms. Thompson had an objectively reasonable

fear that she was in imminent danger of becoming the victim of an act of domestic violence, we reverse.

The petition for injunction was filed more than a year and a half after Mr. Battaglia moved out of Ms. Thompson's home. Ms. Thompson testified regarding a single act of violence which occurred prior to Mr. Battaglia moving from the home. "However, an isolated incident of domestic violence that occurred years before a petition for injunction is filed will not usually support the issuance of an injunction in the absence of additional current allegations." Gill v. Gill, 50 So. 3d 772, 774 (Fla. 2d DCA 2010). Ms. Thompson's more current allegations, while indicative of a "relationship gone awry," do not support a reasonable fear of imminent violence. See Oettmeier v. Oettmeier, 960 So. 2d 902, 904 (Fla. 2d DCA 2007) ("Although Mrs. Oettmeier's allegations paint a picture of a heavy drinker, prone to depression and anger, who was irate about being kicked out of the marital home and was apparently convinced he was entitled to some sort of property division of Mrs. Oettmeier's property, the incidents described by Mrs. Oettmeier do not support a reasonable fear of imminent domestic violence sufficient to support the issuance of a permanent injunction."). That is, "generalized threats to engage in unpleasant, but not violent, behavior are not sufficient to support the issuance of a domestic violence injunction." Gill, 50 So. 3d at 774-75. And "mental instability, a bad temper, depressive and suicidal statements, angry messages, vague actions, and general conditional future threats without overt action implying imminence" are legally insufficient to support the entry of an injunction. Mitchell v. Mitchell, 198 So. 3d 1096, 1100 (Fla. 4th DCA 2016).

Accordingly, we reverse the trial court's order and remand with directions to the trial court to enter an order vacating the injunction.

LaROSE and LUCAS, JJ., Concur.