DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGELA BOUCHER,**
Appellant,

v.

**MERTON WARREN,**
Appellee.

No. 4D19-356

[March 4, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Ruth Gundersen, Judge; L.T. Case No. DVCE 18-04526 (58/41).

Jason H. Haber of Haber Blank, LLP, Fort Lauderdale, for appellant.

No appearance for appellee.

CONNER, J.

Angela Boucher ("Appellant"), appeals the trial court's dismissal of her temporary injunction for protection against domestic violence against Merton Warren ("Appellee"). The dismissal also constituted a denial of Appellant's petition for a permanent injunction. Because the evidence presented by Appellant was uncontroverted and the trial court made no findings indicating it found any portion of Appellant's testimony not to be credible, we are constrained under the case law and statutory guidelines to conclude that the trial court erred in dismissing the temporary injunction and petition for a permanent injunction. Thus, we reverse and remand for further proceedings.

*Background*

In June 2018, Appellant filed a *pro se* petition against her spouse, Appellee, for an injunction protecting her from domestic violence using an approved family law form. The petition alleged the parties have a child in common and that there was a pending dissolution of marriage action under a different case number. Appellant checked clauses on the form alleging Appellee committed a recent act of domestic violence, as well as

prior acts occurring as far back as 2015, with the most current event occurring in April 2018. The petition also explained that Appellee was on probation for a November 2016 domestic violence incident.

Following the filing of the petition, the trial court entered a temporary injunction against Appellee. The final hearing on the petition was postponed several times. In December 2018, Appellant filed a supplemental affidavit describing an incident between the parties occurring earlier in the month. The final hearing was held in January 2019. Appellant appeared at the hearing with counsel. Appellee did not appear or have counsel present. The only testimony at the hearing was that of the Appellant and a police officer.

The officer testified about what he saw when responding to the call leading to Appellee's arrest for the 2016 domestic violence incident. He testified that after hearing Appellant's version of the events while she was crying hysterically and observing red bruise marks on her neck, he arrested Appellee for battery by strangulation and simple battery.

Appellant testified that at the end of April 2018, after Appellee received an immigration notice, Appellee threatened to kill her, saying that he should put bullets in her head. She testified that Appellee was on probation at the time, in connection with the November 2016 choking incident. She further testified that early on in the criminal case, there was a no contact order in effect but that after Appellee was placed on probation, she requested that the no contact order be lifted while Appellee was in an anger management program so that they could communicate about their child. However, Appellant testified that as a result of her reporting Appellee's April 2018 threats, the no contact order was reinstated by the criminal court in June 2018. She testified that when the no contact order was reinstated, she was told that she could also pursue a restraining order, which prompted her to file the subject petition in June 2018.

Appellant also testified that after Appellee threatened to put bullets in her head, he tried to call her back a few times and when she did not answer, he texted her saying that he overreacted and asked how they could work on their situation together. Appellant did not respond and instead called the police.

Appellant then described the prior November 2016 domestic violence incident. The trial court commented that the 2016 incident was more than two years ago and was dealt with in the criminal case. The trial court indicated it could take judicial notice of the conviction but that the issue in this case was about the imminent threat of domestic violence in 2018.

2

Appellant's counsel noted that Appellant had testified about the April 2018 incident and argued that the trial court had to also consider the totality of the parties' history in deciding on whether to grant the injunction.

Appellant went on to testify that even prior to the November 2016 incident, Appellee had been violent with her several times. She described a September 2016 incident when Appellee grabbed her by the throat in front of their child. Appellant introduced photographs of red marks on her neck from that incident. She testified to another incident in May 2016 in which he punched her in the eye and kicked her in the rib cage and introduced photographs of those injuries as well.

When the trial court asked if there was anything more recent other than the April 2018 incident, Appellant testified that in December 2018, a few days before their scheduled divorce mediation, Appellee showed up at their child's school at 5:00 p.m. She testified that the child's teacher came out to the parking to see if Appellant was okay after seeing Appellee in the parking lot. Appellant testified that as their child was running to her, Appellee picked him up and brought him to Appellant. She testified that Appellee then got into his car, but instead of leaving, he rolled down his window and revved the engine very loudly while staring at her and the teacher. His conduct scared her and she was not sure what was going to happen next. She testified that when she got into her car to drive away, she noticed that Appellee pulled his car over to the edge of the parking lot and waited for her to pass in front of him. Then he followed her down a one-lane road. At that point, he began a repeated pattern of driving fast then slow behind her and tried to pull up next to her car in the one-lane roadway, revving his engine. After approximately two minutes of Appellee's repeated erratic driving behavior, Appellant testified she was going to call the police, but then Appellee yelled something at her out of his window and sped off.

In announcing its decision, the trial court stated it was relying on the "Mitchell" case, with no citation, and announced that "[w]ords alone without an overt act do not show imminency." The trial court reasoned that Appellee's April 2018 threat alone, without any overt act, did not demonstrate an imminent threat of domestic violence. The trial court noted that there was plenty of evidence of words and actions in 2016 that would show an imminent threat of domestic violence at that time, but reasoned that those words and actions were too remote to grant a final injunction. The trial court also concluded the December 2018 incident did not establish an imminent threat of harm because Appellee did not have any communication with Appellant during that incident, and all he did

3

was pick up the child, bring the child to Appellant, and left without doing or saying anything aggressively. The trial court noted:

> THE COURT: [H]e didn't charge her, he didn't go after her, he didn't scream at her, he didn't confront her.

The trial court commented that there was no testimony of any action that rises to the level of a reasonable fear of immediate harm by domestic violence. It also noted that in the follow-up text message sent immediately after the April 2018 phone threats, Appellee admitted he overreacted to the immigration notice, indicating that Appellee did not intend to inflict immediate harm. Despite counter arguments made by Appellant's counsel, the trial court dismissed the petition.

Appellant gave notice of appeal.

*Appellate Analysis*

A trial court's ruling on a petition for a domestic violence injunction is reviewed for abuse of discretion. *See Selph v. Selph*, 144 So. 3d 676, 677 (Fla. 4th DCA 2014). The appropriate appellate focus in determining whether the trial court's ruling is supported by competent, substantial evidence is "[l]egal sufficiency . . . as opposed to evidentiary weight." *Stone v. Stone*, 128 So. 3d 239, 240 (Fla. 4th DCA 2013) (alterations in original) (quoting *Brilhart v. Brilhart ex rel. S.L.B.*, 116 So. 3d 617, 619 (Fla. 2d DCA 2013)).

Pursuant to section 741.30(1)(a), Florida Statutes (2019), an injunction for protection against domestic violence may be sought by a family or household member "who is either the victim of domestic violence as defined in s. 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence." § 741.30(1)(a), Fla. Stat. Section 741.28(2), Florida Statutes (2019), defines "domestic violence" as

> any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.

§ 741.28(2), Fla. Stat.

Here, Appellant filed her petition after the April 2018 threat from Appellee to put bullets in her head. Evidence was presented at the final hearing establishing multiple incidents of prior domestic violence which occurred in 2015 and 2016. Evidence was also presented about an incident occurring in December 2018, after the petition was filed, but before the final hearing.

"[A]n isolated incident of domestic violence that occurred years before a petition for injunction is filed will not usually support the issuance of an injunction in the absence of additional current allegations." *Battaglia v. Thompson*, 203 So. 3d 1018, 1019 (Fla. 2d DCA 2016) (quoting *Gill v. Gill*, 50 So. 3d 772, 774 (Fla. 2d DCA 2010)). Notably, however, the instant case did not involve a single "isolated incident" of domestic violence, but several previous violent acts by Appellee against Appellant. Additionally, it appears that cases which have found allegations describing multiple events insufficient to establish a reasonable fear of imminent violence concerned "generalized threats to engage in unpleasant, but not violent, behavior." *See, e.g., id.* (quoting *Gill*, 50 So. 3d at 774-75). As such, those cases have concluded that such recent generalized threats are insufficient to support the issuance of a domestic violence injunction. *See, e.g., id.* Unlike those cases, however, the April 2018 threat in this case was not a generalized one to engage in nonviolent behavior, but a threat to engage in a specific act of killing—namely, to put bullets in Appellant's head. Therefore, the circumstances of this case do not appear to fall in the realm of those in which an isolated incident of violence occurred years prior with no other more current incident or threat of actual violence.

Although it did not provide a citation, it appears the trial court in this case relied upon *Mitchell v. Mitchell*, 198 So. 3d 1096 (Fla. 4th DCA 2016). *Mitchell* points out that in reviewing the sufficiency of evidence to support a trial court ruling on a domestic violence injunction, "the appropriate inquiry looks towards the immediate future rather than some distant possibility of trepidation." *Id.* at 1101. Additionally, the fear of imminent danger must be objectively reasonable. *Id.* *Mitchell* also explained that to determine whether a petitioner's fear is objectively reasonable, "the trial court must consider the current allegations, the parties' behavior within the relationship, and the history of the relationship as a whole." *Id.* (quoting *Malchan v. Howard*, 29 So. 3d 453, 454 (Fla. 4th DCA 2010)). Moreover, section 741.30(6)(b), Florida Statutes (2019), provides a non-exhaustive list of more specific considerations:

> In determining whether a petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence, the court shall consider and evaluate all

relevant factors alleged in the petition, including, but not limited to:

1. The *history* between the petitioner and the respondent, including *threats, harassment, stalking, and physical abuse.*

2. Whether the respondent has *attempted to harm the petitioner* or family members or individuals closely associated with the petitioner.

. . . .

7. Whether the *respondent has a criminal history involving violence or the threat of violence.*

8. The existence of a *verifiable order of protection* issued previously or from another jurisdiction.

. . . .

10. Whether the respondent engaged in *any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.*

§ 741.30(6)(b), Fla. Stat. (emphases added).

In *Mitchell*, we stated that "'verbal violence,' mental instability, a bad temper, depressive and suicidal statements, angry messages, vague actions, and general conditional future threats without overt action implying imminence have been found to be insufficient." *Mitchell*, 198 So. 3d at 1100. We also cited several cases describing scenarios to make this point. *Id.* However, the cases cited in *Mitchell* are distinguishable from the unique facts of the instant case.

Unlike the cases cited in *Mitchell*, where there were no prior incidents, or perhaps a single prior incident in the distant past, or a prior incident that was disputed, coupled with a lack of evidence of any indication of a justified reasonable belief of imminent violence, here, the facts are vastly different. In contrast to the cases cited in *Mitchell*, here, there was an uncontroverted history of physical domestic violence, coupled with a recent verbal threat to kill, which was not a vague or "general" threat, but a specific threat to put bullets in Appellant's head. Although Appellee texted Appellant shortly after making his threat acknowledging that he

6

overreacted, uncontroverted evidence was also presented of Appellee's overt actions in December 2018, occurring shortly after his probation for a criminal domestic violence act against Appellant ended and just before the parties' divorce mediation. In the December incident, Appellee followed Appellant in his car while driving erratically and in an intimidating manner.

Although the trial court reasoned that Appellee's December 2018 conduct did not establish a reasonable fear of imminent domestic violence because Appellee did not have any communication with Appellant during the incident and that he left without doing or saying anything aggressively, the evidence does not support the trial court's reasoning. The undisputed testimony was that Appellee *did go after* Appellant with his car—following her down a one-lane road, driving in an objectively erratic and intimidating manner. Additionally, although the incident was relatively short, contrary to the trial court's statement, the undisputed evidence was that Appellee did scream something at Appellant before speeding off. There was no evidence to dispute the aggressive nature of Appellee's conduct.

As we observed in *Taylor v. Price*, 273 So. 3d 24 (Fla. 4th DCA 2019), "[b]ecause the only evidence presented was that of the wife, which was uncontroverted, and because the court did not make findings of fact concerning the credibility of the wife, the court was required to accept the wife's testimony and grant the petition for injunction." *Id.* at 26. Taken together, Appellee's April 2018 threat to kill, his multiple past acts of physical violence towards Appellant, and the December 2018 incident constitute legally sufficient evidence to establish a reasonable cause to believe Appellant was in imminent danger of violence. Without any indication that the trial court disbelieved any of Appellant's testimony at the hearing, and after considering the factors provided for in section 741.30(6)(b), we are constrained to determine that Appellant presented sufficient evidence that she had an objectively reasonable fear that she was in imminent danger of becoming a victim of domestic violence and the trial court abused its discretion in dismissing the temporary injunction and denying the request for a permanent injunction. Thus, we reverse the order dismissing the petition, and remand the case for the trial court to enter an appropriate injunction for protection against domestic violence.

*Reversed and remanded for further proceedings.*

CIKLIN and KUNTZ, JJ., concur.

*       *       *

7

*Not final until disposition of timely filed motion for rehearing.*