922 So.2d 408 (2006)
Michael LOPEZ, Appellant,
v.
Renette Monique LOPEZ, Appellee.
No. 4D05-1158.
District Court of Appeal of Florida, Fourth District.
March 8, 2006.
*409 Mitchell Haymes of Law Offices of Glantz & Glantz, P.A., Plantation, for appellant.
No brief filed for appellee.
GROSS, J.
Michael Lopez appeals a final judgment of injunction for protection against domestic violence, entered pursuant to section 741.30, Florida Statutes (2005). His former wife, Renette Lopez, filed a petition for injunction for protection against domestic violence on January 3, 2005. A final judgment dissolving the parties' marriage was entered in 2004. The final judgment is not a part of the record on appeal.
After the court granted the former husband's motion for continuance, on the rescheduled date of February 16, 2005, the court conducted a hearing that lasted 4 minutes and 49 seconds. The parties were the only witnesses.
After the hearing, the court entered a final judgment of injunction for protection against domestic violence. In force for one year, the injunction prevented the former husband from contacting the former wife, except regarding visitation with the parties' child. In addition, the order found a need for "temporary child support" and ordered the former husband to pay $115 per week.
*410 We reject the husband's claim that he was denied due process. The hearing on the injunction was postponed at his request. He was present at the hearing, was sworn as a witness, and had a chance to testify and make argument. At no time did he proffer evidence that was refused by the court or complain that he was not given a chance to present a defense. Under the circumstances, he had a "reasonable opportunity to present [his] case prior to the court making its decision." Semple v. Semple, 763 So.2d 484, 486 (Fla. 4th DCA 2000).
We also reject the former husband's claim that the court abused its discretion in entering the injunction for protection.
For a court to issue a section 741.30 injunction, a petitioner must establish that he or she is either a "victim of domestic violence as defined in section 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence." § 741.30(1)(a), Fla. Stat. (2005). The definition of "domestic violence" includes "any . . . stalking." Section 784.048(2), Florida Statutes (2005), defines stalking as the "willful[], malicious[], and repeated[] follow[ing], harass[ing], or cyberstalk[ing of] another person." Section 784.048(1)(a) defines "harass" as engaging "in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." "The stalking statute was designed to protect women from being harassed by ex-husbands or former boyfriends, by ensuring that victims did not have to be injured or threatened with death before stopping a stalker's harassment." Curry v. State, 811 So.2d 736, 741 (Fla. 4th DCA 2002).
In this case, there was evidence of stalking sufficient to justify the issuance of an injunction. See Biggs v. Elliot, 707 So.2d 1202 (Fla. 4th DCA 1998). In Biggs, this court affirmed the entry of a domestic violence injunction against the appellant based on stalking, holding that, "[w]hether the conduct meets the statutory requirement is a question of fact for the trier of fact. In this case, we cannot conclude that the court was clearly erroneous in concluding that it did." Id.
In the light most favorable to the former wife, the evidence in this case was that the former husband repeatedly called her while she was at work, yelling profanity. As a result of the calls, the former wife lost her job. The former husband threatened to go to the job site of his former wife's friend and cause him to be fired. The former husband followed through on his threat, went to the friend's business, and reported him to his supervisor. In addition, the former wife testified that her former spouse told her that "he would take my life, he wanted to be in my life and that if he could not, nobody else would." On December 22, 2004, the former husband went to former wife's house without calling from the security gate. When he reached the house, he began yelling and screaming, knocking on the doors and windows. Finally, on December 23, 2004, former husband called former wife twenty times, prompting her to change her phone number.
We agree with the former husband that the trial court erred in awarding temporary child support in this post-dissolution injunction. The wife's petition for injunction did not request temporary or permanent child support. A trial court is precluded from hearing and deciding "matters which are not the subject of appropriate pleadings and notice." Todaro v. Todaro, 704 So.2d 138, 139 (Fla. 4th DCA 1997); see also McDonald v. McDonald, *411 732 So.2d 505 (Fla. 4th DCA 1999) (holding that when an award of relief is not sought by the pleadings, it is reversible error to grant such relief). Therefore, we strike that portion of the injunction awarding child support.
Affirmed in part, reversed in part, and remanded.
STONE and MAY, JJ., concur.