ROTHENBERG, J.
 

 Michael Reiss (“petitioner”) filed a Petition for Injunction for Protection Against Domestic Violence (“petition”) against Ms brother, David Reiss (“respondent”), under section 741.30, Florida Statutes (2008). The petitioner alleged that he had reasonable cause to fear imminent domestic violence based on three specific incidents of violence or threats of violence that occurred within two years of the filing of the petition. On the following day, an ex parte temporary injunction was entered, pending the full hearing.
 

 At the evidentiary hearing, the petitioner called several witnesses, including the respondent. The petitioner and respondent testified as to two of the three alleged incidents, and their accounts of the incidents dramatically differed. At the close of his case, the petitioner moved for a directed verdict, which the trial court denied. Thereafter, the trial court ruled that it was dismissing the action. In its written order of dismissal, the trial court concluded that it did not have just cause to issue an injunction for protection against domestic violence because the evidence presented was insufficient under section 741.30. The petitioner’s appeal ensued.
 

 The petitioner contends that the trial court erred by dismissing his petition. We disagree. The record reflects two very different accounts of the incidents alleged in the petition. The trial court was, therefore, required to weigh the evidence, make credibility determinations, and resolve the conflicts in the evidence. As there is ample record support for the trial court’s conclusion, we do not find that the trial court abused its discretion.
 
 See Smith v. Coal. to Reduce Class Size,
 
 827 So.2d 959, 961 (Fla.2002) (“To the extent it rests on factual matters, an order imposing a permanent injunction lies within the sound discretion of the trial court and will be affirmed absent a showing of abuse of discretion. This is particularly true where the order relies on live testimony or other evidence that the trial court is singularly well-suited to evaluate.”) (quoting
 
 Operation Rescue v. Women’s Health Ctr.,
 
 626 So.2d 664, 670 (Fla.1993) (citation omitted));
 
 Jackson v. Echols,
 
 937 So.2d 1247, 1249 (Fla. 3d DCA 2006) (“The trial court is afforded broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court’s decision.”). Accordingly, we affirm the trial court’s order dismissing the petition.
 

 Affirmed.