CRENSHAW, Judge.
Laura L. Brilhart appeals the trial court’s final judgment of injunction for protection against domestic violence. The injunction was issued to prevent contact between S.L.B. — Bryan Thomas Brilhart’s daughter — and her mother, Ms. Brilhart. Ms. Brilhart and Mr. Brilhart have been divorced for a number of years.
On appeal Ms. Brilhart argues that there was not competent, substantial evidence to support the trial court’s issuance of the injunction. She also argues that the trial court improperly delegated its authority to an expert witness in making the decision to issue the injunction. Because the trial court did not have competent, substantial evidence supporting the issu-anee of the injunction, we reverse the trial court’s issuance of the injunction without the necessity of considering Ms. Brilhart’s second argument.

Factual Background

This case began after Mr. Brilhart received a letter from his fourteen-year-old daughter, S.L.B., indicating that she had been the victim of abuse by her mother, Ms. Brilhart. The letter contained a number of troubling allegations, and it prompted Mr. Brilhart to file a petition for an injunction on S.L.B.’s behalf.
Pursuant to statutory requirements, a hearing was held on the petition.[1] At the hearing, Mr. Brilhart, pro se, spoke about his concern for S.L.B., based upon the letter. Mr. Brilhart further stated that there were changes in S.L.B.’s behavior over the previous year. Mr. Brilhart also provided testimony from Dr. David G. Kelly. Dr. Kelly testified that he had spoken with S.L.B. about the letter, and based upon his meeting with S.L.B. he expressed concern for S.L.B.’s safety. S.L.B. did not testify at the hearing.
In response, Ms. Brilhart took the stand and denied abusing S.L.B. During the hearing, Ms. Brilhart objected to the fact that the entire injunction hearing was based upon hearsay. She also objected to the trial court’s acceptance of Dr. Kelly as “an expert in the field of family and marriage matters.” The trial court accepted Dr. Kelly’s testimony as expert testimony, despite the fact that Ms. Brilhart was never provided with an opportunity to properly explore the basis of Dr. Kelly’s alleged expertise.
Ultimately, the trial court issued the injunction, and this timely appeal followed.

*619
Analysis

A trial court may issue an injunction “[u]pon notice and hearing, when it appears to the court that [a] petitioner is either the victim of domestic violence ... or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.” § 741.30(6)(a), Fla. Stat. (2012). A trial court’s issuance of an injunction, however, must be supported by competent, substantial evidence. See Jones v. Jones, 32 So.3d 772, 773 (Fla. 2d DCA 2010) (citing Oettmeier v. Oettmeier, 960 So.2d 902 (Fla. 2d DCA 2007)). When evaluating whether competent, substantial evidence supports a trial court’s ruling, “[l]egal sufficiency ... as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.” Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981). In this case, the trial court’s issuance of the injunction was not supported by competent, substantial evidence. The letter was never admitted into evidence, and the only evidence offered in support of the injunction was generic testimony from Mr. Bril-hart and the testimony of Dr. Kelly.
Mr. Brilhart’s testimony did not provide a sufficient evidentiary basis for the trial court to grant the injunction because Mr. Brilhart’s testimony consisted entirely of generic references to S.L.B.’s alleged hearsay statements in the letter and expressions of his subjective concern. See § 90.801(l)(c), Fla. Stat. (2012). Unsubstantiated statements by Mr. Brilhart regarding his personal fear for S.L.B. are insufficient to support the trial court’s finding that S.L.B. is a victim of domestic violence or is in reasonable fear of becoming a victim of domestic violence. See § 741.30(6)(a). Therefore, Mr. Brilhart’s testimony at the injunction hearing did not amount to competent, substantial evidence supporting the issuance of the injunction.
Additionally, Dr. Kelly’s testimony did not provide competent, substantial evidence to support issuance of the injunction because Dr. Kelly was never properly qualified as an expert and his testimony was based entirely on hearsay statements allegedly made by S.L.B. The admission of expert testimony is governed by section 90.702, which states,
[i]f scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion; however, the opinion is admissible only if it can be applied to evidence at trial.
“While we must always give substantial deference to a trial judge’s decision to allow a witness to testify as an expert, it must be supported by at least some factual predicate.” Jones v. State, 408 So.2d 690, 691 (Fla. 2d DCA 1982). In Jordan v. State, 694 So.2d 708, 716-17 (Fla.1997), the Florida Supreme Court found that a witness, offered as an expert, was improperly allowed to testify. The court stated,
Brown’s area of expertise was never clearly defined by the trial judge.... Degrees in psychology and counseling do not necessarily qualify one to testify to [the evidence at issue].... The problem in this case is that Brown did not demonstrate, in the record, a sufficient study [of the area in question].
Id. at 716 (emphasis added). The same problem, regarding expert qualification, which existed in Jordan, exists in this case.
The record at issue does not identify, with sufficient specificity, the area in which Dr. Kelly was qualified to testify. The record also does not provide sufficient evidence of Dr. Kelly’s qualifications to sup *620 port that he is an expert in the relevant, specific area at issue. Initially, the trial court summarily accepted Dr. Kelly as “an expert.” Later, the trial court, in an apparent attempt to remedy this error, broadly referred to Dr. Kelly “as an expert in the field of family and marriage matters.” No record evidence was provided to support the conclusion that Dr. Kelly was an expert in the relevant area of domestic violence. Therefore, it was error for the trial court to allow Dr. Kelly to testify as an expert at the injunction hearing, and the hearsay evidence he provided does not contribute to the sufficiency of evidence available to support the trial court’s issuance of the injunction.

Conclusion

For the foregoing reasons, we conclude that the trial court’s issuance of the injunction was not supported by competent, substantial evidence. Accordingly, we reverse the trial court’s issuance of the injunction.
Reversed.
MORRIS and BLACK, JJ., Concur.

. The court found the petition was insufficient to support granting an ex parte temporary injunction before the hearing.