PER CURIAM.
Alan J. Weisberg appeals from a Final Judgment of Injunction for Protection Against Domestic Violence Without Minor Children. The injunction was sought against him by his former son-in-law, Todd H. Albert. We reverse because Mr. Albert neither proved that he was the victim *664 of domestic violence nor that he had reasonable cause to believe he was in imminent danger of becoming a victim of domestic violence.[1]
The standard of review for an order imposing a permanent injunction is abuse of discretion. Malchan v. Howard, 29 So.3d 458, 454 (Fla. 4th DCA 2010) (citing Reiss v. Reiss, 17 So.3d 849, 850 (Fla. 3d DCA 2009)).
A trial court may issue an injunction when the petitioner has established that he or she is “either the victim of domestic violence or ‘has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.’ ” Id. (citing Ambrefe v. Ambrefe, 993 So.2d 98, 98 (Fla. 2d DCA 2008) (quoting section 741.30(l)(a), Fla. Stat. (2007))). “Domestic violence” is defined as “any assault,[2] aggravated assault, battery ... or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.” § 741.28(2), Fla. Stat. (2012). “In determining whether the [petitioner’s] fear is reasonable, the trial court must consider the current allegations, the parties’ behavior within the relationship, and the history of the relationship as a whole.” Malchan, 29 So.3d at 454 (quoting Giallanza v. Giallanza, 787 So.2d 162, 164 (Fla. 2d DCA 2001)).
Here, Mr. Albert failed to present sufficient evidence that he was in imminent danger of becoming a victim of domestic violence. His basis for requesting the injunction was one isolated incident wherein Mr. Weisberg confronted him at his child’s school awards ceremony. After Mr. Albert had argued loudly with his former wife (Mr. Weisberg’s daughter), Mr. Weis-berg threatened, “If you ever try that again, you will be dead.” During this brief encounter, Mr. Weisberg neither physically touched Mr. Albert nor committed any other overt act indicative of an ability to carry out the threat or to justify a reasonable belief that violence was imminent. See Sorin v. Cole, 929 So.2d 1092, 1094 (Fla. 4th DCA 2006) (“Mere shouting and obscene hand gestures, without an overt act that places the victim in fear, does not constitute the type of violence required for an injunction. Even a representation that the offender owns a gun and is not afraid of using it is insufficient to support an injunction absent an overt act indicating an ability to carry out the threat or justifying a belief that violence is imminent.”) (citations omitted); Gagnard v. Sticht, 886 So.2d 321, 322 (Fla. 4th DCA 2004) (holding that one man’s threat to “f ’ up and kill another man was insufficient to support an injunction where there is no overt act indicating an ability to carry out the threat). Moreover, both men testified and the trial court noted that they had enjoyed a “good relationship” up until that isolated incident.
Based on the foregoing, we conclude that the trial court abused its discretion in entering an injunction against Mr. Weis-berg, because Mr. Albert failed to establish that he was either the victim of domestic violence or that he had reasonable cause to believe he was in imminent danger of becoming a victim of domestic vio *665 lence. We therefore reverse and remand for the trial court to vacate the injunction.

Reversed and Remanded.

GROSS, TAYLOR and FORST, JJ„ concur.

. Mr. Albert did not file an answer brief.

. An "assault” is defined as an "intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.” § 784.011(1), Fla. Stat. (2012).