DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**CARL SELPH,**
Appellant,

v.

**DECIRENA SELPH,**
Appellee.

No. 4D13-2488

[August 13, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Paul B. Kanarek, Judge; L.T. Case No. 2013DR900.

Chet E. Weinbaum, Fort Pierce, for appellant.

No appearance for appellee.

FORST, J.

The husband appeals the trial court's order entering a domestic violence injunction against him. We find that the order is not supported by competent, substantial evidence. Accordingly, we reverse and remand the case to the trial court with instructions to vacate the injunction.

An order imposing an injunction is reviewed for an abuse of discretion. *Weisberg v. Albert*, 123 So. 3d 663, 664 (Fla. 4th DCA 2013); *Malchan v. Howard*, 29 So. 3d 453, 454 (Fla. 4th DCA 2010). A trial court abuses its discretion by entering a domestic violence injunction when the ruling is not supported by competent, substantial evidence. *See, e.g., Kunkel v. Stanford ex rel. C.S.*, 137 So. 3d 608, 609 (Fla. 4th DCA 2014). When evaluating whether a trial court's order granting an injunction is supported by competent, substantial evidence, "legal sufficiency . . . as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal." *Stone v. Stone*, 128 So. 3d 239, 240 (Fla. 4th DCA 2013) (quoting *Brilhart v. Brilhart ex rel. S.L.B.*, 116 So. 3d 617, 619 (Fla. 2d DCA 2013)).

A trial court may issue a domestic violence injunction when the petitioner establishes that he or she is "either a 'victim of domestic violence

as defined in section 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence.'" *Lopez v. Lopez*, 922 So. 2d 408, 410 (Fla. 4th DCA 2006) (quoting § 741.30(1)(a), Fla. Stat. (2005)). Section 741.28 defines domestic violence as "any assault, aggravated assault, battery, aggravated battery . . . false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." § 741.28(2), Fla. Stat. (2013).

In this case, the wife testified that the husband's dog "attacked" her after the husband told the dog to "get him." The wife said that the husband laughed while the dog jumped up on her. This "dog attack" happened in December 2012, and the petition was filed in May 2013. The wife did not call police or seek medical attention, although she testified that she was scratched during the ordeal. The wife also testified that she worked long hours for little pay at the husband's doughnut shop; he forced her to move out of the house; and he threatened her immigration status. The husband in turn testified that his dog had never attacked anyone and was frequently around children, including his own. The husband also stated that the wife asked to help out at the doughnut shop because she was bored at home. Prior to the hearing, the wife and the husband had no contact with each other for the previous three months and there is a pending divorce action.

When the husband's counsel argued that the "dog attack" was an insufficient basis for a domestic violence injunction, the trial court interjected:

> Well, I take all of these other allegations as really in the nature of domestic violence. The limiting her contact, the not, if I take it as true, the $15 a day for working from 4:30 in the morning until 2:00, the moving her out of the house, all those things constitute, would constitute legally some basis for a domestic violence injunction.

Chapter 741 defines which allegations may be considered "in the nature of domestic violence" for the purposes of granting a domestic violence injunction. Long hours for little pay, moving the wife out of the house, and limiting her contact do not constitute an assault, battery, false imprisonment, or a criminal offense resulting in physical injury. *See* § 741.28(2), Fla. Stat. (2013) (defining "domestic violence"). The wife's allegations, arguably, most closely fall under "false imprisonment"; however, when viewed with the other circumstances noted below, we cannot conclude that the evidence supports a finding that the husband "forcibly, by threat, or secretly confin[ed], abduct[ed], imprison[ed], or

2

restrain[ed his wife] without lawful authority and against her . . . will." § 787.02(1)(a), Fla. Stat. (2013) (defining the term "false imprisonment" in the context of a criminal allegation).

In reaching our conclusion, we note the absence of allegations of physical abuse, other than the "dog attack." Moreover, there is no evidence that the wife was forcibly confined or restrained. As a point of fact, at the time that she filed the petition for injunction, the wife had not been in contact with the husband for three months, let alone "confin[ed]" or "restrain[ed]." *See id.*

With respect to the "dog attack," there was no evidence that this "attack" was any more than horseplay with no harmful intent. *See Stone*, 128 So. 3d at 241. The wife's testimony did not counter that of the husband that the "dog attack" was merely an excitable family pet jumping on the wife and scratching her. Such a conclusion is supported by the fact that the wife did not even mention the "attack" when she initially sought an injunction, the length of time between the "attack" and the filing of the petition, the lack of police reports, and the wife's failure to seek medical attention as a result of the "attack." *See id.*

The evidence adduced at the hearing was not legally sufficient to support a finding of domestic violence as defined in section 741.28. As such, the trial court erred by entering a domestic violence injunction against the husband. Although the injunction in this case has since expired, we reverse and remand the case to the trial court with instructions to vacate the injunction. *See Stone*, 128 So. 3d at 242 (vacating an expired injunction "due to the collateral consequences such an injunction might cause").

*Reversed.*

STEVENSON and CIKLIN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

3