EDWARDS, J.
Debra Lippens appeals the trial court’s injunction for' protection against stalking, barring her from seeing her daughter. We find that the trial court erred in granting the injunction because the evidence presented does not meet the legal requirement to support an injunction pursuant to section 784.048(2), Florida Statutes (2014). Accordingly, we reverse.
Lippens and Cheryl Powers, both currently residents of Florida, entered into a civil union in Vermont in 2002. Powers became pregnant through alternative reproductive technology, and the couple had a child, A.M.P-L. (“Daughter”). The couple gave Daughter a hyphenated last name to reflect her familial relationship to both women. In 2004, the couple legally married in Massachusetts. They raised Daughter together and lived as a family until Lippens- and Powers separated in 2007. Lippens continued regular visitation with Daughter after the couple separated until Powers advised Lippens on September 1, 2014, that Daughter no longer wanted to see Lippens.
Powers, on behalf of Daughter, sought and obtained an injunction to prohibit Lip-pens from stalking their twelve-year-old daughter based upon the following incidents. First, on September 3, 2014, Lip-pens sent Daughter a text message that said: “I heard your request from mommy not to text, call or visit. I don’t understand it, but I will honor your wishes if that is what you waijt.” Second, Powers said that on September 19, 2014, she found a letter using feigned child’s handwriting addressed to Daughter, that Powers was certain was written by Lippens. Powers immediately destroyed the letter. Daughter never saw.the letter and it was not introduced into evidence. Third, on October 2, 2014, Lippens sent Daughter a second text message saying she would like to *376 visit and asked if Daughter was ready to see her. There was no response to the second text message. Fourth, Lippens came to Powers’ home on October 6, 2014, attempting to see Daughter;, however, she eventually left without seeing Daughter. There was no indication that Daughter was aware of this incident. Following the visit, Powers sent Lippens a text message telling her to stop trying to communicate with Daughter.
Fifth, Lippens then posted a Fundly webpage, including a picture of Daughter, as well as a description of how Daughter was conceived through alternative means, and was being raised by a same sex couple. The purpose of the Fundly webpage was to raise, legal funds, to help Lippens pursue divorce and to obtain custody or visitation rights. There was no indication that Daughter was aware of the Fundly page, and Lippens removed Daughter’s photograph as soon as Powers requested.
Powers obtained an injunction on behalf of Daughter to prevent Lippens from stalking Daughter. The relevant statute provides that “[a] person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking.” § 784.048(2), Fla. Stat. (2014). There is no claim of following or cyberstalking here, “Harass” under that statute “means to. engage in a course of conduct directed at a specific person which .causes substantial emotional distress to that person and serves no legitimate. purpose.” § 784.048(1)(a), Fla. Stat. (2014).
To support an injunction against stalking, each incident of stalking must be proven by competent, substantial evidence. Plummer v. Forget, 164 So.3d 109, 110 (Fla. 5th DCA 2015) (citing Touhey v. Seda, 133 So.3d 1203, 1204 (Fla. 2d DCA 2014)). The appellate court should consider legal sufficiency as opposed to eviden-tiary weight when evaluating whether competent, substantial evidence supports the lower court ruling. Id. (citing Brilhart v. Brilhart ex rel. 116 So.3d 617, 619 (Fla. 2d DCA 2013)). Courts apply a reasonable person standard to determine whether each incident of harassment is sufficient to support a finding of stalking. Id. (citing Slack v. Kling, 959 So.2d 425, 426 (Fla. 2d DCA 2007)).
Taking the evidence in the light most favorable to Powers, the only two incidents that Daughter may have been aware of were the two text, messages. Both messages served legitimate purposes, given the familial relationship between Lippens and Daughter, Furthermore, neither text message could be considered threatening! There was no evidence presented to the trial court that either text message actually caused or was likely to cause Daughter to experience emotional distress. Those two incidents, separately or together, do not amount to stalking under the controlling statute. Thus, it was error for the trial court to grant the injunction. We reverse and order the trial court to immediately vacate and terminate the injunction against Lippens.-
REVERSED AND REMANDED.
PALMER and BERGER,'JJ., concur.