DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN CHISCUL,**
Appellant,

v.

**MICHELLE GOMEZ HERNANDEZ,**
Appellee.

No. 4D20-287

[February 10, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan L. Alspector, Judge; L.T. Case No. DVCE 19-008957 (63).

Joseph A. Costello of Costello Law, LLC, Fort Lauderdale, for appellant.

No appearance for appellee.

DAMOORGIAN, J.

Jonathan Chiscul ("the husband") appeals the permanent injunction for protection against domestic violence entered against him on behalf of his estranged wife, Michelle Gomez Hernandez ("the wife"). We reverse because the evidence was insufficient to support entry of the injunction.

It is uncontested that the parties had only known each other for a period of six months. During that time, they married and separated. The wife filed a petition for injunction against domestic violence almost two months after their separation. In the petition, she alleged the following: if the wife refused to have sex, the husband would throw her against the wall, shake her and yell at her, and threaten to call police and immigration officials on her; when the wife would leave the house to go to work or to the store, the husband would get upset, call her vulgar names, and follow her; and when the wife left him for good, the husband called and texted her "nonstop" and followed her to a chiropractor's appointment and threatened her.

At the hearing on the petition, the wife generally testified that, during the course of the marriage, she was fearful of the husband because he

threatened to call immigration, "would stand in the doorway" to prevent her from leaving, accused her of cheating, and was jealous and controlling. Regarding the allegation of forced sex, the wife testified "he forced me to have sexual relations with him, I did not have sexual relations . . . but he manipulate[d] me by saying that I have three partners, that he was going to send me to immigration." When asked by the court if the husband threw her against the wall as alleged in the petition, the wife testified that the husband did not throw her but that "he would grab me" and "shake me." The wife did not testify when this incident occurred.

Regarding recent threats or violence by the husband since the filing of the petition, the wife testified that the husband called her on two occasions, but she did not answer the phone and the husband did not leave a message. When asked by the court for proof that the husband called her, the wife admitted the husband did not call her and that "it was a relative of his." She then stated the husband wrote her "a few days before" on Instagram or Facebook. The wife failed to provide any details as to the contents of the message; the husband however, testified that he wrote the wife to tell her that he was still going forward with the divorce. The wife also testified that on one occasion, the husband followed her to a chiropractor's appointment. Notably, the wife did not allege the husband was violent or threatened violence during either of those instances.

The husband, in turn, testified the wife threatened him, that she had mood issues, was allegedly bi-polar, and that her petition was filed in retaliation for the husband "starting the papers to get the divorce." The husband further testified the wife was the aggressor and that he never touched her. The husband also alleged that he had no contact with the wife in the two months since she left the marital home. After hearing both parties' evidence, the trial court granted a permanent domestic violence injunction against the husband.

On appeal, the husband argues the trial court erred in entering the permanent injunction because the wife's allegations were either insufficient as a matter of law or too remote in time for purposes of showing that she was in imminent danger of becoming a victim of domestic violence. We agree.

An order granting an injunction in the domestic violence context is reviewed for abuse of discretion. *Selph v. Selph*, 144 So. 3d 676, 677 (Fla. 4th DCA 2014). "A trial court abuses its discretion by entering a domestic violence injunction when the ruling is not supported by competent, substantial evidence." *Id.* at 677–78. "When evaluating whether a trial court's order granting an injunction is supported by

2

competent, substantial evidence, 'legal sufficiency . . . as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.'" *Id.* at 678 (quoting *Stone v. Stone*, 128 So. 3d 239, 240 (Fla. 4th DCA 2013)).

A trial court may issue a domestic violence injunction to protect a petitioner who demonstrates that he or she has an objectively reasonable apprehension that he or she is in "imminent danger of becoming the victim of any act of domestic violence." *Randolph v. Rich*, 58 So. 3d 290, 291 (Fla. 1st DCA 2011) (quoting § 741.30(1)(a), Fla. Stat. (2010)). "Domestic violence" is defined as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." § 741.28(2), Fla. Stat. (2019).

In determining whether a petitioner has reasonable cause to believe that he or she is in imminent danger of becoming a victim of any act of domestic violence, the trial court "must consider the current allegations, the parties' behavior within the relationship, and the history of the relationship as a whole." *Zarudny v. Zarudny*, 241 So. 3d 258, 262 (Fla. 3d DCA 2018) (citation omitted). "[T]he law requires more than general relationship problems and uncivil behavior to support the issuance of an injunction." *Randolph*, 58 So. 3d at 292 (emphasizing that the law requires the party seeking the injunction to "present sufficient evidence to establish the objective reasonableness of his or her fear that the danger of violence is 'imminent'").

In the present case, the wife's testimony largely described incidents that occurred before the parties' separation. Since their separation, the only contact between the parties was the wife's allegation that the husband followed her to a chiropractor's appointment once and left her a message informing her he was going forward with the divorce. These later acts were simply insufficient, as a matter of law, to establish a fear of imminent danger.

Turning to the one possible act of violence, as previously pointed out, of particular importance is when or how frequently this occurred. The parties were separated several months before the permanent injunction was issued. Thus, the shaking incident could have occurred between two to six months prior to the filing of the petition. The wife's testimony of an isolated incident, absent additional evidence, was insufficient to warrant a permanent domestic violence injunction. *See Selph*, 144 So. 3d at 678–79 (the wife's allegation that the husband ordered his dog to attack her

3

was insufficient to support entry of a domestic violence injunction because the incident occurred five months prior, there was no medical or police reports, and the parties had not been in contact with each other during the three months before the filing of the petition); *Phillips v. Phillips*, 151 So. 3d 58, 59 (Fla. 2d DCA 2014) (finding evidence legally insufficient to support a domestic violence injunction where, despite the allegations in her petition, the wife acknowledged in her testimony that there had been no violence or threats of violence from the husband since their separation four months before filing the injunction).

Based on the record before us, the post-separation incidents do not constitute acts or threats of violence by the husband. As for the pre-separation shaking incident, the wife's testimony failed to establish when it occurred. Therefore, the court lacked competent, substantial evidence from which to conclude the wife was "in imminent danger of becoming the victim of any act of domestic violence." § 741.30(1)(a), Fla. Stat. (2019). Accordingly, the permanent domestic violence injunction is reversed.

*Reversed and remanded.*

CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4