# Third District Court of Appeal

## State of Florida

Opinion filed January 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1599
Lower Tribunal No. 23-561
_____

**Kiki De Jager,**
Appellant,

vs.

**Gerhard Austen De Jager**,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Victoria Del Pino, Judge.

The Law Offices of Curt Sanchez, P.A., Curt Sanchez, and Nicole Nicolette Mace (West Palm Beach), for appellant.

Amanda Maxwell, P.A., and Amanda Maxwell, for appellee.


Before LOGUE, C.J., and EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Kiki De Jager ("Wife") appeals the trial court's Final Judgment of Injunction for Protection Against Domestic Violence with Child(ren) entered in favor of Gerhard Austen de Jager ("Husband"). We affirm the Final Judgment of Injunction.

Husband obtained a temporary injunction against Wife when on January 6, 2023, Wife kicked husband, was arrested as a result, and admitted to the battery on a jail call. Thereafter, Husband petitioned the trial court for "Injunction for Protection Against Domestic Violence and Exclusive Use and Possession of the Marital Home."

After a hearing on the petition, the trial court entered a final judgment of injunction against Wife for a two-year period to allow for litigation. Before ruling, the trial court found: 1) that Husband met his burden to prove that, by a preponderance of the evidence, Wife battered Husband by kicking him, 2) the Wife did not prove self-defense because Husband did not do anything that would have given her license to meet force with force, and 3) Wife admitted to the act of battery on the recording of the jail call. Wife appealed.

"We review the court's issuance of the final injunction for abuse of discretion and to determine whether it is supported by competent, substantial evidence." Alobaid v. Khan, 306 So. 3d 159, 163 (Fla. 3d DCA 2020). "When evaluating whether a trial court's order granting an injunction is supported by

2

competent, substantial evidence, 'legal sufficiency . . . as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.'" Chiscul v. Hernandez, 311 So. 3d 55, 58 (Fla. 4th DCA 2021) (quoting Selph v. Selph, 144 So. 3d 676, 677 (Fla. 4th DCA 2014)).

We find that the trial judge made legally sufficient findings to grant an injunction pursuant to section 741.30(6)(a), Florida Statutes (2023), which provides:

> Upon notice and hearing, when it appears to the court that the petitioner is either the victim of domestic violence as defined by s. 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence, the court may grant such relief as the court deems proper, including an injunction . . . .

Section 741.28(2), Florida Statutes (2023), defines "domestic violence" as "any assault, aggravated assault, battery . . . resulting in physical injury or death of one family or household member by another family or household member." The trial court had broad discretion to grant a final injunction in this case where there is competent, substantial evidence that petitioner (Husband) was the victim of domestic violence (any battery). Therefore, pursuant to the statute, the injunction was properly entered.

Wife argues that the trial court had the mistaken belief that it did not have discretion to deny the injunction.[1] Wife relies on Kennedy v. Kennedy, 622 So. 2d 1033 (Fla. 5th DCA 1993). However, we find Kennedy inapplicable as the Fifth District reversed the trial court because the court failed to consider all mandatory factors and failed to make findings of fact relative to those factors. Id. at 1034. This is not the case here. Moreover, given the context of the trial court's legally sufficient findings and explanation of the law recorded in the hearing transcript, we are not convinced by the Wife's argument that the judge was uninformed of the discretion afforded to her by the statute.

Because the trial court had broad discretion to grant the injunction and the injunction is supported by competent, substantial evidence in the record, we affirm the Final Judgment of Injunction.

Affirmed.

---

[1] Wife is referring to trial court's statement that, "[T]he Court is left with no choice but to enter a final judgment of an injunction" after previously stating, "I'm not saying that [Husband] was not violent to you in the past or aggressive with you in the past."