# Third District Court of Appeal

## State of Florida

Opinion filed March 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0583
Lower Tribunal No. 24-19469-FC-04
_____


**Stan Fitzgerald,**
Appellant,

vs.

**Angie Wong,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Yara Lorenzo Klukas, Judge.

Law Offices of Jason G. Smith, and Jason G. Smith (Eustis), for appellant.

Lopez & DeFilippo, P.A., and Alexander DeFilippo, for appellee.


Before LOGUE, MILLER and BOKOR, JJ.

BOKOR, J.

Stan Fitzgerald appeals from a final judgment of injunction for protection against stalking entered in favor of Angie Wong. Fitzgerald claims that the trial court didn't support its findings with competent substantial evidence of instances of stalking, and that any instances were protected speech insufficient to support a stalking injunction. None of Fitgerald's arguments are supported by the factual record or the relevant legal standard.[1] We therefore affirm.

Fitzgerald claims the trial court failed to support the order with factual findings. But a review of the transcript of the two-day hearing reveals that the trial court concluded the proceedings by providing a detailed analysis of the evidence and testimony presented, factual findings drawn therefrom, and an identification of multiple instances of harassment or cyberstalking to support the granting of the injunction. See § 784.048(2), Fla. Stat. (defining stalking as "willfully, maliciously, and repeatedly follow[ing], harass[ing], or cyberstalk[ing] another person"); see also Sutton, 332 So. 3d at 1005 ("In order to be entitled to a stalking injunction two separate instances of stalking must be proven by competent substantial evidence." (quotation omitted)).

---

[1] We review the trial court's findings of fact for competent substantial evidence, "[b]ut the question of whether the evidence is legally sufficient to justify imposing an injunction is a question of law reviewed de novo." Sutton v. Fowler, 332 So. 3d 1001, 1004 (Fla. 4th DCA 2021) (quotation omitted).

We examine the instances of harassment and stalking though a "reasonable person standard to determine whether each incident of harassment is sufficient to support a finding of stalking." Lippens v. Powers, 179 So. 3d 374, 376 (Fla. 5th DCA 2015).

The statute defines "harass" as "to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. The instances of harassment, supported by competent substantial evidence, involved Fitzgerald, a former business partner of Wong, harassing Wong after the business partnership faltered. Wong presented evidence of Fitzgerald's campaign of harassment. This evidence included emails and messages sent directly and indirectly by Fitzgerald to Wong, her family, and her business and social acquaintances claiming Wong was a Chinese spy, identifying personal information of her minor children and husband, and threatening Wong with retaliation if she did not sign a non-disclosure agreement relating to their business dealings. Further, Wong testified that she felt threatened and experienced emotional distress. Taken together, the messages could be considered threatening and certainly constitute

3

harassment which could, and Wong testified did, cause substantial emotional distress.[2]

Fitzgerald claims that some of the evidence relied on by the trial court was inadmissible hearsay. Much of the claimed hearsay evidence specifically wasn't considered by the trial court. To the extent that there is one instance of stalking that may have been inadmissible hearsay, Wong, as "the beneficiary of the error must prove that there is no reasonable possibility that the error complained of contributed to the" factual findings. Special v. W. Boca Med. Ctr., 160 So. 3d 1251, 1265 (Fla. 2014). But the evidence was so overwhelming, and the trial court relied on so many examples to support the injunction, that there is no reasonable possibility the result would be any different without the possible hearsay.

Finally, Fitzgerald argues that because there was no actionable threat of physical violence, it's all protected speech incapable of supporting an

---

[2] Fitzgerald also takes issue with the oral factual findings not being memorialized in the final order. Mere conclusory statements or legal conclusions are insufficient to support an injunction. See Angelino v. Santa Barbara Enters., LLC, 2 So. 3d 1100, 1103 (Fla. 3d DCA 2009). But we can examine factual findings contained in both the final order and the transcript of the hearing to determine whether competent substantial evidence supports the trial court's determination. See, e.g., Chevaldina v. R.K./FL Mgmt., Inc., 133 So. 3d 1086, 1092 (Fla. 3d DCA 2014) (explaining that the order fails because neither it nor "the transcript of the hearing on the motion provide any such specific findings").

injunction. Indeed, mere libel or slander is insufficient to ground an injunction for stalking. See, e.g., Vrasic v. Leibel, 106 So. 3d 485, 486 (Fla. 4th DCA 2013). But that's not what this injunction is about. This isn't a scandalous article in the newspaper, a false Yelp review, or the like. Instead, here, Wong provided competent substantial evidence of a prolonged campaign of harassment through emails and other communication "directed at" her, her family, and friends, "causing substantial emotional distress" with "no legitimate purpose." § 784.048(1)(d), Fla. Stat.; see also Murphy v. Reynolds, 55 So. 3d 716, 717 (Fla. 1st DCA 2011) ("Harassment is a course of conduct directed at a specific person that causes substantial emotional distress and serves no legitimate purpose. Cyberstalking entails harassment by means of electronic communications." (citations and quotations omitted)). This is not a case of restraining speech, even false or libelous speech. Instead, Wong provided competent substantial evidence of a course of conduct that includes what the trial court characterized as a "campaign of harassment." Fitzgerald sent harassing comments and unsupported accusations of criminal conduct to Wong, her family, friends, and community, including her picture, home address, children's phone numbers, husband's workplace address, and other private information. It also includes sending her threatening messages to "come after" her if she did not sign a non-

disclosure agreement, creating false email accounts to repeat the allegations to Wong and her family and friends, and sending false criminal allegations to police agencies. The evidence relied on by the trial court includes Fitzgerald impersonating a private investigator and making up a false FBI report for the purpose of disseminating personal information and buttressing the false accusations of criminal activity including espionage.

"Whether the purpose for contact is 'legitimate' is evaluated on a case-by-case basis . . . ." O'Neill v. Goodwin, 195 So. 3d 411, 413 (Fla. 4th DCA 2016). "However, courts have generally held that contact is legitimate when there is a reason for the contact other than to harass the victim." Id. Fitzgerald has not offered any plausible legitimate purpose for the complained-of acts. Because the injunction doesn't punish Fitzgerald for speech, but for the specific course of conduct designed to cause substantial emotional distress with no legitimate purpose, we find no merit in his claims of protected speech.

Affirmed.